**Viki Chen LEE, Appellant,**

v.

**An Tai LEE, a/k/a Andy Lee, Appellee.**

**No. 01–99–01191–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 15, 2001.

Rehearing Overruled April 3, 2001.

Edmond N. O'Suji, Houston, for Appellant.

Margaret Maxwell McClure, Houston, for Appellee.

Panel consists of Justices TAFT, BRISTER, and DUGGAN.*

## OPINION

TAFT, Justice.

This is the second appeal arising out of the divorce trial of appellant, Viki Chen Lee (Viki) and her former husband, appellee, An Tai Lee (Andy). Viki challenges the trial court's judgment dividing the marital estate and confirming certain property as the separate property of Andy. We review: (1) whether the trial court erred by ruling that the "law of the case," as articulated by this Court in the first appeal,[1] controlled in the proceedings on remand; (2) whether the trial court erred by denying Viki's motion for a new trial; and (3) whether the trial court erred by denying her the opportunity to present evidence that Andy had defrauded her. We affirm.

## Facts

When Viki and Andy met in early 1992, Viki owned title to seven lots and a townhome. After they began living together, Viki transferred these pieces of property to Andy in May 1992, apparently in accordance with Taiwanese custom.[2] Viki and Andy were ceremonially married in December 1993. Viki filed for divorce in

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. See Lee v. Lee, 981 S.W.2d 903 (Tex.App.—Houston [1st Dist .] 1998, no pet.).

2. According to Viki, she and Andy were common-law married at the time.

April 1994, alleging that she and Andy had ceased living together as husband and wife in January 1994. Viki's petition alleged that the marriage had become insupportable because of discord and conflict of personalities, and accused Andy of treating her cruelly. Viki requested a just and right division of the marital estate. Andy filed a cross-petition for divorce in June 1994.

In the divorce proceeding, Andy argued that the townhome and seven lots were his separate property, and therefore not subject to division, because he had acquired them before his ceremonial marriage to Viki. After a bench trial, the trial court found the parties had been common-law married before Andy acquired title to the seven lots and townhome, and therefore characterized that property as community property subject to division.[3] The trial court also found that Andy physically and mentally abused Viki. Andy appealed after the trial court signed the final decree of divorce in December 1995.

On appeal, we held that a common-law marriage had not been established, and reversed the judgment of the trial court. *Lee v. Lee,* 981 S.W.2d 903, 907 (Tex. App.—Houston [1st Dist.] 1998, no pet.). At a hearing on remand, the trial court, following this Court's mandate, found that there had been no common-law marriage, and that the parties did not marry until December 1993. Specifically, the trial court stated:

> The court having reviewed the opinion of the appellate court ... finds that the law of the case controls and that there is·

a finding which will govern this proceeding of no common-law marriage; therefore, the court will divide the community property as it existed on December 14, 1995 [the divorce date] and *from the date of the ceremonial marriage,* that date being December 27, 1993.

(Emphasis added). At the same hearing, the parties stipulated that the seven lots were Andy's separate property. The trial court accepted the parties' stipulation and awarded the lots to Andy.

After the hearing, Viki substituted her counsel and filed a motion for new trial, alleging that: (1) the property division "agreement" was against her wishes;[4] (2) her lawyer at the hearing refused to allow her to have her witnesses testify in court; and (3) Andy had erroneously identified Viki's separate property as his, and had defrauded Viki and the trial court. Viki appealed after the trial court denied her motion.

### Law of the Case

■ In her first point of error, Viki asserts the trial court erred by ruling that the "law of the case" controlled on remand. "The 'law of the case' doctrine is that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages." *Harris County v. Walsweer,* 930 S.W.2d 659, 663–64 (Tex.App.— Houston [1st Dist.] 1996, writ denied) (quoting *Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex.1986)). The doctrine applies only to questions of law and does not apply to questions of fact.[5] *Id.* Moreover, the

---

**3.** "Viki transferred title to the Montgomery County lots from herself to her sister Sheree in 1989, even though Viki continued to pay the taxes and mortgages on the properties until 1992." *Lee,* 981 S.W.2d at 904. "In 1992, Viki asked her sister to transfer those lots to Andy." *Id.*

**4.** Viki refers to the parties' stipulation in regard to their separate property.

**5.** While the existence of a common law marriage is typically a question of fact, *see Dalworth Trucking Co. v. Bulen,* 924 S.W.2d 728, 735 (Tex.App.—Texarkana 1996, no writ), we

doctrine applies only to the same or substantially similar issues on appeal as those involved in the first trial. *See id.* Finally, where a decision is rendered by an intermediate court, and appeal or other remedy is open to the losing party to have that decision reviewed in the court of last resort, if he fails to avail himself thereof, but allows the case to be remanded for further proceedings, and thereafter appeals again to the intermediate court and thence to the court of last resort, the points decided by the intermediate court on the first appeal will be regarded as the law of the case in the court of last resort, and will not there be re-examined.

*State By and Through State Bd. of Morticians v. Cortez,* 323 S.W.2d 56, 58 (Tex.Civ. App.—San Antonio, 1959), *aff'd,* 160 Tex. 532, 333 S.W.2d 839 (1960). Viki did not appeal the judgment of this Court, but allowed the case to be remanded. Accordingly, our holding that Viki and Andy were never common-law married is the law of the case, and the trial court did not err by applying that law on remand.

Viki also maintains that the trial court erred by interpreting our holding, that there was no common-law marriage, as establishing that Andy was the owner of the seven lots. Viki's argument is misplaced. During the hearing on remand, the trial court stated there was "a finding which [would] govern this proceeding of no common-law marriage...." Therefore, the trial court ruled that the "law of the case" applied on the issue of common-law marriage. After the trial court made this ruling, Viki's counsel stipulated that the seven lots were Andy's separate property.

The trial court awarded Andy the lots based on this stipulation, and not automatically, as Viki contends.

We overrule Viki's first point of error.

## Motion for New Trial

### A. Attorney Coercion

 In her second point of error, Viki asserts the trial court erred by denying her motion for new trial because her attorney coerced her into agreeing to the stipulation that awarded Andy the seven lots. In support of her motion for a new trial, Viki filed an affidavit in which she asserted that her former attorney coerced her to agree to the stipulation by telling her that, if she refused, the trial judge would have told her to accept, anyway. Even if we accept Viki's evidence, however, her claim would still fail. To invalidate an agreement based on undue influence or duress, the coercion must come from the opposing party to the agreement, not the claimant's attorney. *See Kosowska v. Khan,* 929 S.W.2d 505, 508 (Tex.App.—San Antonio 1996, writ denied) (holding that duress or coercion would invalidate a contract if the coercion comes from the opposing party, not the claimant's attorney).

Accordingly, we overrule Viki's second point of error.

### B. Andy's Fraud

 In her third point of error, Viki asserts the trial court erred on remand by not allowing her to present evidence that Andy fraudulently induced her to transfer the seven lots to him, and reiterates her

held that the evidence was *legally* insufficient to establish that Viki and Andy were common-law married. *Lee,* 981 S.W.2d at 907. Therefore, our holding involved a question of law, and falls within the ambit of the "law of the case" doctrine. *See Wyler Indus. Works, Inc.*

*v. Garcia,* 999 S.W.2d 494, 498 (Tex.App.—El Paso 1999, no pet.) ("[L]egal insufficiency point is a question of law which challenges the legal sufficiency of the evidence to support a particular fact-finding.").

claim that she be granted a new trial.[6] The record does not show that the trial court did not allow Viki to present such evidence. Accordingly, Viki has waived any error. *See* Tex.R.App.P. 33.1(a).

We overrule Viki's third point of error.

### Conclusion

We affirm the judgment of the trial court.

**6.** Viki argues that, even though she transferred title to the seven lots and townhome to Andy in accordance with Chinese custom, Andy reneged on his promise to transfer title in his property in Taiwan to her; Viki also asserts that Andy married her (a U.S. citizen) in order to legitimize his immigration status in this country. Based on these assertions, Viki claims that Andy did not intend to remain married to her.