Opinion issued May 13, 2004


















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-01194-CV
____________

VIKI CHEN, Appellant

V.

DAVID MESTERMAKER, GILBERT & MESTERMAKER, AND
MESTERMAKER & STRAUB, Appellees
 

 
 
On Appeal from the 127th District Court
Harris County, Texas
Trial Court Cause No. 2001-54063
 

 
 
MEMORANDUM OPINION
          Appellant, Viki Chen, proceeding pro se, challenges the trial court’s rendition
of summary judgment on all of the causes of action that Chen asserted against
appellees, David Mestermaker and his law firm, Mestermaker & Straub (formerly
Gilbert & Mestermaker) (collectively, Mestermaker), who had previously represented
Chen in her divorce from her former husband, Ann-Tai Lee.
          In 11 issues, Chen contends that the trial court erred in granting Mestermaker’s
no-evidence motion for summary judgment because (1) “[t]he trial court did make
numerous errors regarding the introduction of evidence,” (2) “[t]he trial court’s
erroneous rulings resulted in harm,” (3) “David [Mestermaker] did malpractice in
Viki’s case at 1997-1999,” (4) “David’s negligence resulted in harm,” (5) “David’s
breach of fiduciary duty resulted in harm,” (6) “David’s fraud resulted in harm,” (7)
“David’s negligent misrepresentation resulted in harm,” (8) “David is a lier [sic] and
a deceiver,” (9) “David’s deceptive trade practices resulted in harm,” (10) “Viki is
entitled to the [sic] award of exemplary damages . . . in an amount to be determined
by the jury,” and (11) “Viki suffer [sic] mental anguish and economic damages.”
          We affirm.
Factual and Procedural Background
          Chen and her former husband, Lee, who were both from Taiwan, met in
Houston in January 1992 and began living together shortly thereafter. In May 1992,
Chen transferred the titles to a townhouse and seven parcels of real property to Lee. 
Chen and Lee were subsequently ceremonially married in December 1993. In April
1994, Chen, represented by Mestermaker, filed a petition to divorce Lee.
          In the divorce proceedings, Lee argued that the townhouse and the real
property were his separate property, and therefore not subject to division by the trial
court, because Lee had acquired them before their ceremonial marriage. Following
a bench trial, the trial court found that Chen and Lee had been common-law married
before Lee had acquired title to the disputed properties, and, in its 1995 divorce
decree, the trial court characterized those properties as community property subject
to division.
          Lee then filed an appeal to this Court challenging the sufficiency of the
evidence to support the trial court’s finding that Chen and Lee had been common-law
married before their ceremonial marriage. On appeal, we held that the evidence
presented to the trial court was not legally sufficient to establish the existence of a
common-law marriage, and we reversed the trial court’s judgment and remanded the
cause for further proceedings. See Lee v. Lee, 981 S.W.2d 903, 907 (Tex.
App.—Houston [1st Dist. 1998, no pet.).


 On remand, the trial court found that there
had been no common-law marriage, and Chen and Lee stipulated that the seven
parcels of real property were Lee’s separate property. The trial court gave effect to
this stipulation and awarded the seven parcels of real property to Lee.
          Chen subsequently fired Mestermaker and filed a motion for new trial, in which
she alleged that (1) the property stipulation had been made against her wishes, (2)
Mestermaker had refused to allow her to present the testimony of her witnesses before
the trial court, and (3) Lee had defrauded the trial court by claiming Chen’s separate
property as his own. The trial court denied Chen’s motion for new trial, and she
appealed to this Court.
          In the second appeal, Chen argued that the trial court erred in (1) awarding the
disputed seven parcels of real property to Lee, (2) denying Chen’s motion for new
trial, and (3) denying Chen the opportunity to present evidence that Lee had
committed fraud. We overruled Chen’s points of error and affirmed the judgment of
the trial court. See Lee v. Lee, 44 S.W.3d 151, 154 (Tex. App.—Houston [1st Dist.]
2001, pet. denied).
          In October 2001, Chen filed a lawsuit against Mestermaker, alleging that, in
his representation of her in the original appeal to this Court and in the subsequent trial
on remand, Mestermaker had intentionally or negligently mishandled her case. In her
petition, Chen asserted causes of action against Mestermaker for negligence, breach
of fiduciary duty, fraud, negligent misrepresentation, violations of the Deceptive
Trade Practices–Consumer Protection Act (DTPA),


 negligence per se, and
conspiracy. Chen also sought actual and exemplary damages totaling $715,000.
          Mestermaker answered the suit and generally denied the allegations in Chen’s
petition. He subsequently filed a no-evidence motion for summary judgment, in
which he argued that Chen could not produce any evidence to establish that
Mestermaker had breached any duty that he had owed to her or that she had sustained
any damages as a result of his alleged acts or omissions. The trial court granted the
motion and rendered summary judgment against Chen on all of her claims. Chen
subsequently filed a motion to reinstate her case and a motion for new trial, both of
which were denied by the trial court.
No-Evidence Summary Judgment
          In 11 issues, Chen contends that the trial court erred in granting Mestermaker’s
no-evidence motion for summary judgment and in rendering judgment against her on
all of her claims because such ruling was “contrary to the great weight of evidences
[sic].”
          When a party moves for summary judgment under Texas Rule of Civil
Procedure 166a(i) on the ground that there is no evidence of one or more essential
elements of the non-movant’s claims, upon which the non-movant would have the
burden of proof at trial, the movant does not bear the burden of establishing each
element of its own claim or defense. Tex. R. Civ. P. 166a(i). Rather, the movant
must specifically state the elements of the non-movant’s claims as to which there is
no evidence. Id.; Spradlin v. State, 100 S.W.3d 372, 377 (Tex. App.—Houston [1st
Dist.] 2002, no pet.). The burden then shifts to the non-movant to produce evidence
that raises a fact issue on the challenged elements. Spradlin, 100 S.W.3d at 372. 
“The court must grant the motion unless the respondent produces summary judgment
evidence raising a genuine issue of material fact.” Tex. R. Civ. P. 166a(i). A
no-evidence summary judgment is essentially a pretrial directed verdict, and we apply
the same legal sufficiency standard in reviewing a no-evidence summary judgment
as we apply in reviewing a directed verdict. King Ranch, Inc. v. Chapman, 118
S.W.3d 742, 750-51 (Tex. 2003); Valero Mktg. & Supply Co. v. Kalama Int’l, 51
S.W.3d 345, 350 (Tex. App.—Houston [1st Dist.] 2001, no pet.).
          Here, in his no-evidence motion for summary judgment, Mestermaker asserted
that Chen could not produce any evidence to show that he had either breached any
duty that he had owed to Chen or that Chen had sustained any damages as a result of
Mestermaker’s alleged actions or omissions. In her response to the motion, Chen
argued that she had sustained damages as a result of Mestermaker’s alleged acts and
omissions during the appeal of the trial court’s original divorce decree and the
subsequent trial on remand from this Court’s 1998 opinion. In her brief, Chen argues
that her designation of expert witnesses—which she filed with the trial court prior to
the filing of Mestermaker’s motion, and to which she attached numerous documents,
pleadings from earlier proceedings, and other discovery materials—was sufficient
proof to show that “Viki has a lot of evidences [sic]” establishing that Mestermaker
had intentionally or negligently mishandled her case. However, the record indicates
that Chen attached no summary judgment evidence to her response to the motion for
summary judgment; nor did she incorporate, by general or specific reference in her
response, any of the discovery materials previously filed or obtained by the parties
in the trial court. Rather, Chen’s response to Mestermaker’s 166a(i) motion for
summary judgment rested solely on the unsworn allegations contained in the response
itself.
          As a general rule, a party’s pleadings will not constitute competent summary
judgment evidence, even if sworn or verified. Laidlaw Waste Sys. (Dallas), Inc. v.
City of Wilmer, 904 S.W.2d 656, 660 (Tex. 1995); City of Houston v. Clear Creek
Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). We hold that, in the absence of any
competent summary judgment evidence to support the essential, challenged elements
of her claims, Chen did not raise a fact issue as to those elements sufficient to defeat
Mestermaker’s no-evidence motion for summary judgment. See Tex. R. Civ. P.
166a(i). Accordingly, we hold that the trial court did not err in rendering summary
judgment for Mestermaker on all of Chen’s causes of action.
          We overrule Chen’s 11 issues.



Conclusion
          We affirm the judgment of the trial court.
 

                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Keyes.