Reversed and Remanded and Opinion filed September 30, 2008








Reversed and
Remanded and Opinion filed
September 30, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00047-CV

____________

 

MIGUEL ANGEL GONZALEZ GUILBOT,
CARLOS A. GONZALEZ GUILBOT, AND MARIA ROSA DEL ARENA DE GONZALEZ, Appellants

 

V.

 

IN THE ESTATE OF MIGUEL ANGEL LUIS
GONZALEZ Y VALLEJO, Appellee

 



 

On Appeal from the Probate
Court No. 2

Harris County, Texas

Trial Court Cause No. 344,157-401

 



 

O P I N I O N








Appellants Miguel Angel Gonzalez Guilbot, Carlos A.
Gonzalez Guilbot, and Maria Rosa del Arena de Gonzalez appeal from the trial
court=s sanctions order
and judgment awarding over $205 million in compensatory damages, punitive
damages, and attorney=s fees against them to various parties,
including appellee the Estate of Miguel Angel Luis Gonzales y Vallejo.  They
argue that the sanctions order and judgment are void because (1) they were
entered after appellants unsuccessfully removed the case to federal court but
before the remand was complete, and thus the trial court had no jurisdiction,
and (2) the sanctions order and judgment were entered while motions to recuse
the relevant judges were pending.  We conclude that the trial court had
jurisdiction because the remand was complete, but the sanctions order and
judgment are nevertheless void because they were entered by judges with pending
recusal motions.  Therefore, we reverse the sanctions order and judgment and
remand for further proceedings.

                                I. 
Factual and Procedural Background

This dispute centers around a large family enterprise and
the litigation that ensued between family members after one of the co-founders
of the business died.  The co-founder=s will was probated
in 2003, and litigation began between the parties in 2004.

After several previous trial settings, in November 2006,
Probate Judge Mike Wood set the case for trial on January 8, 2007.  About a
week later, appellants removed the case to the United States District Court for
the Southern District of Texas, Judge Lee Rosenthal=s court.  Within a
month, Judge Rosenthal remanded the case and awarded attorney=s fees to appellee
after concluding that appellants had no objectively reasonable basis for
seeking removal.  See 28 U.S.C. ' 1447(c).  To
expedite the case=s progress post-remand, Judge Rosenthal
gave appellee=s counsel a certified copy of the remand order to hand
deliver to the state court.  Despite the general rule prohibiting appeal of
remand order, see id. ' 1447(d),
appellants appealed the remand order to the Fifth Circuit Court of Appeals.








While the Fifth Circuit appeal was pending, appellants
filed a motion to recuse Judge Wood.  Judge Wood refused to recuse himself and
referred the motion to Judge Guy Herman, Presiding Judge, Statutory Probate
Courts.  Judge Herman then assigned Probate Judge Gladys Burwell to hear the
motion to recuse Judge Wood.  Appellants thereafter filed motions to recuse
both Judge Herman and Judge Burwell.  Judge Herman set all three motions for
hearing before himself.  Appellants did not appear at the hearing but instead
sent a legal assistant to observe.  Judge Herman denied all the motions to
recuse, including the motion to recuse himself, and assessed $12,000 in
sanctions against appellants after finding the recusal motions were frivolous.

Judge Wood then held a bench trial and entered a final
judgment, awarding judgment against appellants.  This appeal followed.

                                                      II. 
Analysis

A. 
Post-Removal Jurisdiction

In their second issue, appellants argue that the trial
court did not have jurisdiction to enter a final judgment because the
post-removal jurisdictional transfer back to state court has never been
completed.

If a party follows the proper procedure for removing a case
to federal court, the state court loses jurisdiction and may not proceed
further unless the case is remanded.  See 28 U.S.C. ' 1446(d); In re
Sw. Bell Tel. Co., 235 S.W.3d 619, 624 (Tex. 2007) (orig. proceeding).  If
the federal court determines removal was improper and remands the case, A[a] certified copy
of the order of remand shall be mailed by the clerk to the clerk of the State
court.@  28 U.S.C. ' 1447(c).

After assessing attorney=s fees for a
frivolous removal and issuing a remand order, Judge Rosenthal gave appellee=s counsel a copy
of the remand order to hand deliver to the state court and thereby expedite the
case, and this order was filed in the state court on December 15, 2006, the day
after Judge Rosenthal signed the remand order.  Appellants argue that because
the statute requires the clerk to mail a certified copy of the remand order to
the state court, the hand delivery of the order did not complete the
jurisdictionalal transfer.  Thus, according to appellants, the state court
never regained jurisdiction, and any subsequent orders from the state court are
void.  See Mapco, Inc. v. Forrest, 795 S.W.2d 700, 703 (Tex.
1990) (orig. proceeding) (holding that orders issued by a trial court without
jurisdiction are void).








During the pendency of the present appeal, the Fifth
Circuit issued its opinion in appellants= federal appeal
and concluded that (1) appellants waived on appeal any argument that the remand
procedure was defective because they never presented that issue to the district
court and (2) in the alternative, it had no jurisdiction to consider a challenge
to the clerk=s compliance with the relevant remand procedure.  See
Gonzalez v. Guilbot, 255 Fed. Appx. 770, 771B72 (5th Cir.
2007).

Appellants did not seek further appeal of this case to the
United States Supreme Court, and thus the Fifth Circuit=s opinion has
become the law of the case.  See City of Houston v. Precast
Structures, Inc., 60 S.W.3d 331, 338 (Tex. App.CHouston [14th
Dist.] 2001, pet. denied) (holding that law of the case doctrine applies when a
party does not appeal an intermediate appellate court decision but instead
allows the case to continue); Lee v. Lee, 44 S.W.3d 151, 154 (Tex. App.CHouston [1st
Dist.] 2001, pet. denied) (same).  Ordinarily, a court should adhere to prior
decisions in the litigation except in situations such as a change in the facts
or parties or if the prior decision was clearly erroneous.  See Briscoe v.
Goodmark Corp., 102 S.W.3d 714, 716 (Tex. 2003); Lee, 44 S.W.3d at
153B54.  The law of
the case doctrine is based on public policy and is intended to achieve
uniformity of decisions and to promote judicial economy by narrowing the issues
for review in successive steps of the litigation.  See Briscoe, 102
S.W.3d at 716; City of Houston, 60 S.W.3d at 337.








The Fifth Circuit decided the exact issue appellants raise
here under identical facts.  We see no clear error here or other reason not to
follow the Fifth Circuit=s rulings as the law of the case. 
Appellants argue that we should not follow the Fifth Circuit=s opinion because,
by refusing to condemn a jurisdictional transfer based on hand delivery instead
of mailing of the remand order, it conflicts with Quaestor Investments, Inc.
v. Chiapas, 997 S.W.2d 226 (Tex. 1999).[1] 
Quaestor held that jurisdiction revests in the state court after remand Awhen the federal
district court executes the remand order and mails a certified copy of the
remand order to the state court.@  Id. at
227.  Though Questor has language referring to mailing, the court was
deciding between different points in time when jurisdiction could have been
transferredCwhen the federal court entered the remand order, when
the order was mailed, or when the state court received it.  See id. at
228.  Quaestor did not address the issue we have hereCan alternative
method of delivery to the state court with full knowledge of all parties and
unequivocal, immediate receipt by the state court.  Thus, we conclude that the
Fifth Circuit=s opinion does not conflict with Texas law, thereby
constituting a clear error, and we follow its conclusions as the law of the case.

Finally, appellants briefly argue that the state court did
not regain jurisdiction because their appeal to the Fifth Circuit also stopped
the jurisdictional transfer.  This argument is without merit.  A state court is
free to proceed post-remand, even if the remand order has been appealed, unless
a stay order has been issued.  Academy Corp. v. Interior Buildout &
Turnkey Constr., Inc., 21 S.W.3d 732, 737 (Tex. App.CHouston [14th
Dist.] 2000, no pet.).  No stay order was issued in this case.

We conclude that the post-remand jurisdictional transfer to
the state court was complete at all relevant times, and therefore we overrule
appellants= second issue.

B. 
Recusal

In their first issue, appellants claim Judge Herman=s sanctions order,
entered after he denied all the motions to recuse, and Judge Wood=s subsequent final
judgment awarding over $205 million in damages are void because both were
issued while the judges were burdened with recusal motions.  We agree.








Texas law is clear that, when faced with a motion to
recuse, a judge has only two options:  grant the motion to recuse or refer the
motion to another judge for a ruling.  See Tex. Gov=t Code Ann. ' 25.00255(f) (Vernon Supp. 2007); Tex. R. Civ. P. 18a(c); In re Norman,
191 S.W.3d 858, 860B62 (Tex. App.CHouston [14th
Dist.] 2006, orig. proceeding).  Judge Wood followed this procedure when he
referred his recusal motion to Judge Herman.  However, Judge Herman erred when
he ruled on his own motion to recuse.  See Norman, 191 S.W.3d at 860. 
He should instead have referred the motion to the Chief Justice of the Texas
Supreme Court.  See Tex. Gov=t Code Ann. ' 74.057(a) (Vernon
2005) (authorizing Chief Justice to appoint judges as necessary); Tex. R. Civ. P. 18a(g) (stating that
Chief Justice may appoint justices in conformity with recusal procedures). 
Because Judge Herman did not have the power to rule on his own recusal motion,
all subsequent orders he entered are void.  See Norman, 191 S.W.3d at
861.  This includes Judge Herman=s sanctions order
and his order denying the motion to recuse Judge Wood.  See id.  Because
Judge Herman=s order denying the motion to recuse Judge Wood is
void, a recusal motion was still pending against Judge Wood when he entered the
final judgment, rendering the judgment void as well.  See id.








Appellee argues that Judge Herman was not required to refer
his recusal motion to the Chief Justice.  This argument is based on sections
25.00255(i) and 25.0022(r) of the Government Code.  See Tex. Gov=t Code Ann. '' 25.0022(r),
25.00255(i), (Vernon 2004 & Supp. 2007).  Under the version of section
25.00255(i) in effect at the time, after receiving a referral on a motion to recuse
another judge, the presiding judge of the statutory probate courts must set a
hearing before himself or another judge he so appoints and make other necessary
orders.[2] 
However, this section does not address the situation in which the presiding
judge himself is the subject of a recusal motion and certainly does not
authorize him to rule on his own recusal motion.  Appellee further contends
that section 25.0022(r) makes the provisions of Chapter 74 of the Government
Code authorizing the Chief Justice to appoint judges inapplicable to a recusal
proceeding.  Section 25.0022, entitled AAdministration of
Statutory Probate Courts,@ addresses subjects such as the selection
and duties of presiding and assistant presiding probate judges, who may be
assigned, compensation, and expenses.  See Tex. Gov=t Code Ann. ' 25.0022 (Vernon Supp. 2007).  Section
25.0022(r) states in part that AChapter 74 . . . do[es] not apply to the
assignment under this section of statutory probate court judges.@  Id. ' 25.0022(r)
(emphasis added).  Based on this language, appellee argues that section
74.057(a), which authorizes the Chief Justice to appoint judges as necessary,
does not apply to appointing judges to hear recusal motion referrals.  We
disagree.  It is section 25.00255, not section 25.0022, that addresses recusal
motions; nothing in the statute suggests that the exclusionary language of section
25.0022(r) should also be applied to recusal procedures under section
25.00255.  Further, independent of section 25.0022(r), Texas Rule of Civil
Procedure 18a(g), which also governs recusal motions, similarly authorizes the
Chief Justice to appoint and assign judges to handle recusal motions.








Appellee insists that if Judge Herman had referred his
recusal motion to the Chief Justice, appellants would have simply filed yet
another recusal motion against him.  To avoid this and to end appellants= attempts to bring
the system to a stand still, Judge Herman decided to take a stand and invent
his own solution.  Appellee urges that this was permissible under the
circumstances, relying on cases in which appellate courts facing motions to
recuse all judges on the court have Afashioned a remedy@ of ruling on each
other=s recusal
motions.  See McCullough v. Kitzman, 50 S.W.3d 87, 88 (Tex. App.CWaco 2001, pet.
denied); Sears v. Olivarez, 28 S.W.3d 611, 615B16 (Tex. App.CCorpus Christi
2000, no pet.).  Appellee argues that, by analogy, we should validate Judge
Herman=s attempt to
create a similar remedy.  However, Judge Herman=s remedy differed
in one critical wayCrather than having another judge rule on
the recusal motion against him, he did it himself.  Thus, even if these
authorities supported giving Judge Herman discretion to create a similar
remedy, he failed to do so because he ruled on his own recusal motion.  Though
Judge Herman was undoubtedly facing a frustrating situation, we find nothing in
these cases that would authorize him to rule rather than referring the recusal
motion against him to the Chief Justice.

Next, appellee argues that because the recusal motion filed
against Judge Herman was the third recusal motion in the case, Judge Herman
could continue to act on the case pursuant to Civil Practice and Remedies Code
section 30.016.  Tex. Civ. Prac. &
Rem. Code Ann. ' 30.016 (Vernon 2008).  Section 30.016
defines Atertiary recusal
motion@ as Aa third or
subsequent motion for recusal . . . filed against a . . . judge by the same
party in a case@ and states that a judge who declines
recusal after a tertiary recusal motion is filed must comply with recusal procedural
rules but may otherwise continue to preside over and handle the case as if the
motion had not been filed.  Id. ' 30.016(a), (b). 
This court has interpreted section 30.016 as applying when a third recusal
motion has been filed by the same party against the same judge.  See In re
Whatley, No. 14-05-01222-CV, 2006 WL 2257399, at *1 (Tex. App.CHouston [14th
Dist.] Aug. 8, 2006, orig. proceeding) (mem. op.).  Thus, because all three
recusal motions in this case were filed against different judges, section
30.016 does not apply.[3] 
Appellee argues that Whatley was incorrect and urges us to overrule it,
but, absent circumstances not present here, we are bound by our prior
decisions.  See Mallios v. Standard Ins. Co., 237 S.W.3d 778, 785 (Tex.
App.CHouston [14th
Dist.] 2007, pet. denied), petition for cert. filed, 76 U.S.L.W. 3610
(U.S. Apr. 29, 2008) (No. 07-1367).








Finally, appellee contends that the recusal motion against
Judge Herman had several procedural defects and that these defects constitute a
waiver of appellants= right to complain about Judge Herman=s failure to
recuse himself.  This court has clearly held that A[e]ven though a
motion to recuse may be defective, the challenged judge must either recuse or
refer the motion, so that another judge can determine the procedural adequacy
and merits of the motion to recuse.@  In re Norman,
191 S.W.3d at 861.  Even if the motion is defective, to avoid the appearance of
impropriety, that determination must be made by another judge.  Id.  That
was not done in this case.

For the foregoing reasons, we determine Judge Herman had no
authority to rule on his own motion to recuse, thereby voiding both the
sanctions order and final judgment in this case.  We sustain appellants= first issue.

C. 
Motion for Judicial Notice

Long after the briefing in this appeal was completed,
appellants filed a AMotion for Judicial Notice,@ which requested
that we take judicial notice of several items.

First, appellants ask that we take notice of a prior
pleading in which appellants claim that appellee admitted that Judge Herman
should not have ruled on his own recusal motion.  This issue is moot because we
have already ruled that Judge Herman should not have ruled on the motion.

Second, appellants request that we take notice of a letter
pleading they filed regarding their argument that the Fifth Circuit opinion,
issued on appeal from the remand order, has no precedential value and conflicts
with Texas precedent.  We have already considered and rejected these arguments
independent of this motion, and thus this portion of the motion is also moot.

Finally, appellants argue we should Atake judicial
notice of the doctrine of Stare Decisis.@  Appellants do
not explain how this argument supports any of their positions in this case, and
in any event, we have followed applicable precedent in this case, rendering
this request moot as well.








For these reasons, we deny as moot appellants= motion for
judicial notice.

                                                   III. 
Conclusion

We conclude that the trial court had jurisdiction to issue
rulings because the post-remand jurisdictional transfer was complete at all
relevant times.  However, we conclude that Judge Herman had no authority to
rule on his own recusal motion, and thus his subsequent rulings were void.  As
a result, Judge Herman=s sanctions order and Judge Wood=s final judgment
are void.  We therefore reverse the sanctions order and final judgment and
remand for further proceedings consistent with this opinion.

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Judgment rendered
and Opinion filed September 30, 2008.

Panel consists of
Justices Yates, Guzman, and Brown.









[1]  Appellants also argue that we cannot follow or even
consider the Fifth Circuit=s opinion
because it is unpublished and thus Anot
precedent@ under Fifth Circuit Local Rule 47.5.4.  However, this
rule specifically excepts opinions needed to examine the law of the case. 
Thus, even if we accepted appellants=
argument that we were prohibited from even considering an unpublished Fifth
Circuit opinion, that would not apply in this case.  See also Fed. R. App. P. 32.1(a) (prohibiting
any restriction on citing to unpublished federal opinions issued on or after
January 1, 2007).





[2]  See Act of June 20, 1997, 75th Leg., R.S.,
ch. 1435, ' 2, 1997 Tex. Gen. Laws 5506, 5507, amended by
Act of June 15, 2007, 80th Leg., R.S., ch. 1297, ' 1, 2007 Tex. Gen. Laws 4363, 4364.  The Texas Legislature amended this
section, effective September 1, 2007, to require that the presiding judge of
the statutory probate courts, instead of setting a hearing or appointing
another judge, forward the request to the presiding judge of the administrative
judicial district, who will then handle the matter.  See Act of June 15,
2007, 80th Leg., R.S., ch. 1297, ' 1,
2007 Tex. Gen. Laws 4363, 4364B65.  Because
the effective date of the amendment is after the trial court=s rulings, this appeal is governed by the old
statute.  Thus, for convenience, all references in this opinion to ' 25.00255(i) will be to the unamended version in
effect at the time of the trial court=s
rulings.





[3]  The Texas Legislature has recently added a new
section to the Government Code for probate cases, specifically providing that
the term Atertiary recusal motion@ includes any third or subsequent recusal motion filed in the same case
by the same party, regardless of whether the motion is filed against the same
or a different judge.  See Tex.
Gov=t Code Ann. ' 25.00256(a) (Vernon Supp. 2007).  However, this
statute was not effective at the time and thus does not apply here.  See
Act of June 15, 2007, 80th Leg., R.S., ch. 1297, ' 2, 2007 Tex. Gen. Laws 4364, 4364B65.