**In re Susan C. NORMAN, Relator.**

No. 14–06–00023–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 11, 2006.

John L. Green, Peter J. Riga, Houston, for relator.

Daniel J. Shea, Mylus James Walker Jr., Ray Black Jr., Susan C. Norman, Houston, Roy L. Fuller, Baytown, for appellees.

Panel consists of Justices HUDSON, FROST, and SEYMORE.

## OPINION

KEM THOMPSON FROST, Justice.

In this original proceeding, relator, Susan C. Norman, seeks a writ of mandamus ordering the respondent, Judge Russell Austin, to vacate his order of December 20, 2005, denying relator's motion to recuse him. We conditionally grant the writ.

### FACTS

Relator filed a motion to recuse Judge Mike Wood of Probate Court Number Two. Judge Wood referred the motion to the presiding judge of the statutory probate courts, who assigned the motion to Judge Austin. Relator then filed a verified motion to recuse Judge Austin. On December 20, 2005, Judge Austin signed an order denying relator's motion to recuse him. On the same date, Judge Austin ruled on the motion to recuse Judge Wood.

Relator challenges Judge Austin's order of December 20, 2005, denying the motion to recuse because Judge Austin failed either to recuse himself or refer the motion. Relator also claims Judge Austin's subsequent ruling on the motion to recuse Judge Wood is void because Judge Austin was without authority to rule on that motion.

### ANALYSIS

Mandamus relief is available if the trial court abuses its discretion, either in resolving factual issues or in determining legal principles. *See Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). A trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as

to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). In certain cases, in determining whether the writ should issue, we also must consider whether the party has an adequate remedy by appeal. *Id.*

Denial of a motion to recuse is appealable upon final judgment. TEX.R. CIV. P. 18a(f). Thus, a relator challenging the denial of a recusal motion ordinarily has an adequate remedy by appeal of the denial of a motion to recuse. However, mandamus relief is available when a judge violates a mandatory statutory duty either to recuse or refer a motion to recuse. *McLeod v. Harris,* 582 S.W.2d 772, 775 (Tex.1979); *In re Healthmark Partners, L.L.C.,* No. 14–04–00743–CV, 2004 WL 1899953, at *1 (Tex.App.-Houston [14th Dist.], Aug. 26, 2004, orig. proceeding) (mem.op).

Under Texas Rule of Civil Procedure 18a, Judge Austin had a mandatory duty either to recuse himself or to refer the recusal motion to the presiding judge. TEX.R. CIV. P. 18a. Furthermore, section 74.059(c)(3) of the Government Code states that a district, statutory probate, or statutory county court judge shall "request the presiding judge to assign another judge to hear a motion relating to the recusal of the judge from a case pending in his court." TEX. GOV'T CODE ANN. § 74.059(c)(3) (Vernon 2005). Judge Austin did not have the option of denying the motion.

Real party, Mylus James Walker, has filed a response to relator's petition for writ of mandamus, claiming that Judge Austin properly could deny the motion because the motion was defective. Walker claims the recusal motion did not comply with the procedural and substantive requirements of section 25.00255 of the Government Code. This section sets out the

requirements for recusal or disqualification of a statutory county court judge. *See* Tex. Gov't Code Ann. § 25.00255 (Vernon 2004). Under this section, a recusal motion must be filed at least ten days before the date of a hearing or trial, be verified, and state with particularity the alleged grounds for recusal based on (1) personal knowledge supported by admissible evidence, or (2) specifically stated grounds for belief of the allegations. *Id.* at 25.00255(b). Walker claims that the recusal motion here did not state with particularity the grounds for recusal.[1]

■ Even though a motion to recuse may be defective, the challenged judge must either recuse or refer the motion, so that another judge can determine the procedural adequacy and merits of the motion to recuse. *See Johnson v. Pumjani*, 56 S.W.3d 670, 672 (Tex.App.-Houston [14th Dist.] 2001, no pet.); *Lamberti v. Tschoepe*, 776 S.W.2d 651, 651 (Tex.App.-Dallas 1989, writ denied). This is the proper course of action regardless of the sufficiency of the grounds for recusal. *Jamilah v. Bass*, 862 S.W.2d 201, 203 (Tex. App.-Houston [14th Dist.] 1993, orig. proceeding). Though the motion to recuse ultimately might fail, that decision is made by a different judge, thereby avoiding even the appearance of impropriety. *Johnson*, 56 S.W.3d at 672. Thus, we hold that Judge Austin erred in failing to comply with the rules governing motions for recusal and in denying the motion to recuse rather than referring it so that another judge could rule on it.

■ Furthermore, Judge Austin was not free to ignore the statutory duty to either recuse or refer the motion to recuse him and instead deny it, and then rule on the motion to recuse Judge Wood. Once the motion to recuse Judge Austin was filed, Judge Austin was precluded from taking any further action other than issuing an order of recusal of himself or an order of referral to the presiding judge. *See* Tex.R. Civ. P. 18a. If a judge fails to comply with the rules governing motions for recusal, all subsequent actions by the judge in that case are void. *Johnson*, 56 S.W.3d at 672. Therefore, Judge Austin's order ruling on the motion to recuse Judge Wood is void. *See id.*

As an additional ground for relief, relator claims that any orders issued by Judge Austin are void because the case had been removed to federal court. Because we already have held that it was an abuse of discretion for Judge Austin to deny the motion to recuse him, we need not address this alternative ground.

## Conclusion

Judge Austin had a mandatory duty either to recuse himself or refer the motion

---

1. We are unpersuaded that the authority cited by Walker applies to our facts or that it holds that a judge may deny a procedurally defective motion. *See McLeod v. Harris*, 582 S.W.2d 772, 774 (Tex.1979) (court expressly notes its ruling is not based on the merits of the recusal motion); *Hudson v. Texas Children's Hosp.*, 177 S.W.3d 232, 235–38 (Tex. App.-Houston [1st Dist.] 2005, no pet.) (court held that, once a recusal motion is filed, the judge must either recuse or refer and make no other determinations and assigned judge must make the determination whether the motion was timely); *In re Lincoln*, 114 S.W.3d 724, 727 (Tex.App.-Austin 2003, orig. proceeding) (any procedural defects in the motion were not the basis for the court's ruling); *Brosseau v. Ranzau*, 911 S.W.2d 890, 892–93 (Tex.App.-Beaumont 1995, no writ) (appellate court found the motion was timely and the judge abused his discretion in refusing to either recuse himself or refer the motion); *Petitt v. Laware*, 715 S.W.2d 688, 692 (Tex.App.-Houston [1st Dist.] 1986, writ ref'd n.r.e.) (trial judge denied, but nonetheless referred recusal motion to the presiding judge, who also denied it).

to the presiding judge, and it was a violation of that duty to deny the motion. Both orders signed by Judge Austin on December 20, 2005, are void. We conditionally grant the petition for writ of mandamus. Because both orders of December 20, 2005, have been declared void by this court, the only remaining action for Judge Austin is to request the presiding judge to assign another judge to hear relator's motion to recuse. We are confident Judge Austin will comply with this opinion. Only in the unlikely event he fails to do so, will the writ issue.