Petition for Writ of Mandamus Conditionally Granted
and Memorandum Opinion filed November 3, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00595-CV

____________

 

IN RE MIGUEL ANGEL GUILBOT, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

In this original proceeding, relator, Miguel Angel Guilbot,
seeks a writ of mandamus ordering the respondent, Judge Mike Wood, judge of
Probate Court No. 2, to vacate orders signed April 17, 2009, June 18, 2009, and
June 19, 2009.  We conditionally grant the writ.

Factual and Procedural Background

This dispute centers on a family business
and the litigation that ensued among  family members after one of the business=s co-founders
died.  The co-founder=s will was probated in 2003, and
litigation began  in 2004.








The original suit was filed in Probate Court No. 2 and bore
the cause number 344,157-401.  In that case, relator filed a motion to recuse
Judge Wood.  Judge Wood refused to recuse himself and forwarded relator=s recusal motion to Judge Guy Herman,
presiding judge of the statutory probate courts.  Judge Herman assigned Judge
Gladys Burwell to hear the motion to recuse Judge Wood.  Relator thereafter
filed motions to recuse both Judge Herman and Judge Burwell.  Judge Herman
denied all of the motions to recuse, including the motion to recuse directed at
him.  Judge Wood then held a bench trial and signed a  final judgment.

Relator and two other parties appealed Judge Wood=s judgment.  Among other issues,
they  asserted that Judge Wood=s judgment was void because Judge Herman erred in ruling on
a  motion to recuse Judge Herman.  This court held that Judge Herman erred when
he ruled on a  motion to recuse directed at him.  Guilbot v. Estate of
Gonzalez, 267 S.W.3d 556, 561 (Tex. App.CHouston [14th Dist.] 2008, pet.
filed).  Because Judge Herman erroneously ruled on the motion to recuse
directed at him, this court concluded  that Judge Herman=s order denying the motion to recuse
Judge Wood was void. Because a recusal motion was  pending against Judge Wood
when he signed the final judgment, Judge Wood=s judgment also was void.  Id.

While the appeal from the original suit was pending, relator
filed a second suit on December 21, 2007, in the 295th District Court of Harris
County against the real parties in interest.  The second suit asserted that the
will at issue was forged and was procured through  fraud.  On March 27,
2009,the real parties in interest filed a motion to transfer the second suit to
Probate Court No. 2 on grounds that the issues were identical to those in the
original case tried in Judge Wood=s court.  The motion to transfer was
set for a hearing on April 17, 2009.  On April 15, 2009, relator filed a motion
to recuse Judge Wood.  On April 17, 2009 Judge Wood signed an order granting the
real parties= motion to transfer the case to Probate Court No. 2.








On June 18, 2009, Judge Wood signed  an order denying
relators= motion to recuse him.  On June 19,
2009, Judge Wood signed an order referring the recusal to Judge Guy Herman,
presiding judge of the statutory probate courts.

Relator challenges Judge Wood=s orders of April 17, 2009, June 18,
2009, and June 19, 2009.  Relators contend these orders are void because Judge
Wood did not recuse himself in response to the April 15, 2009 recusal motion
and did not refer that motion to the presiding judge.  

Generally speaking, mandamus relief is available upon a
showing that (1)  the trial court abused its discretion; and (2)  there is no
other adequate remedy in law.  See Walker v. Packer, 827 S.W.2d 833, 839B40 (Tex. 1992).  

With respect to the first prong, a trial court abuses its discretion
when it clearly fails to correctly analyze or apply the law.  In re Cerberus
Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005).  

With respect to the second prong, ATexas law has long held that mandamus
will issue where the trial court=s order is void and that it is
unnecessary for a relator to pursue other available remedies.@  South Main Bank v. Wittig,
909 S.W.2d 243, 244 (Tex. App.CHouston [14th Dist.] 1995, orig. proceeding).  Denial of a
motion to recuse is appealable upon final judgment.  Tex. R. Civ. P. 18a(f). 
Thus, a relator challenging the denial of a recusal motion ordinarily has an adequate
remedy by appeal of the denial of a motion to recuse.  However, mandamus relief
is available when a judge violates a mandatory duty to recuse or refer a motion
to recuse.  In re Norman, 191 S.W.3d 858, 860 (Tex. App.CHouston [14th Dist.] 2006, orig.
proceeding).  

 

 








Analysis

Under Rule 18a, Judge Wood had a mandatory duty to recuse
himself or to refer the recusal motion to the presiding judge.  Tex. R. Civ. P. 18a.  The real parties in interest contend that Judge
Wood properly granted the motion to transfer and denied the recusal motion
because the motion was not timely filed pursuant to section 25.00255 of the
Government Code.  Under section 25.00255, a recusal motion must (1) be filed at
least 10 days before the date of a hearing or trial; (2) be verified: and (3)
state with particularity the alleged grounds for recusal.  Tex. Gov=t Code Ann. ' 25.00255(b) (Vernon Supp. 2009).  Real parties contend that
Judge Wood was entitled to deny relator=s April 15, 2009 recusal motion
because it was filed only two days before the hearing on the motion to
transfer.  

Regardless of whether a motion to recuse may be defective or
untimely, the challenged judge must recuse or refer the motion so that another
judge can determine the procedural adequacy and merits of the motion.  Norman,
191 S.W.3d at 861.  Judge Wood did not have the option of denying the motion to
recuse as untimely.  Jamilah v. Bass, 862 S.W.2d 210, 203 (Tex. App.CHouston [14th Dist.] 1993, orig.
proceeding) (The trial judge must recuse himself or refer the motion to the
presiding judge Aregardless of the timeliness of the motion.@).  Thus, we hold that Judge Wood
abused his discretion by signing (1) the April 17, 2009 order granting the
motion to transfer; and (2) the June 18, 2009 order denying the motion to
recuse.  Both orders are void, and mandamus is the appropriate remedy to
address these void orders.  In re Norman, 191 S.W.3d at 860.  The June
19, 2009 order referring the recusal motion to the presiding judge is proper,
and that order stands.  

 

 

 








Conclusion

Because the orders signed on April 17, 2009 and June 18, 2009
are void, we conditionally grant the writ of mandamus.  The writ will issue
only if the trial court fails to vacate the orders signed on April 17, 2009 and
June 18, 2009. 

 

 

 

 

/s/        John S. Anderson

Justice

 

 

 

 

 

Panel
consists of Chief Justice Hedges and Justices Anderson and Boyce.