*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00837-CV

Adam E. **SALAZAR**,
Appellant

v.

**SERVICE CORPORATION INTERNATIONAL, SCI TEXAS FUNERAL SERVICES, INC., ET AL.**,
Appellees

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-16666
Honorable Larry Noll, Judge Presiding

Opinion by:     Rebecca Simmons, Justice

Sitting:          Phylis J. Speedlin, Justice
                 Rebecca Simmons, Justice
                 Steven C. Hilbig, Justice

Delivered and Filed: March 17, 2010

AFFIRMED

Appellant Adam Salazar appeals from the trial court's order denying his motion to recuse, dismissing his lawsuit, and declaring Salazar a vexatious litigant. Salazar complains that: (1) improper procedures were utilized in denying his motion to recuse; and (2) he did not receive proper notice of hearings. We affirm the judgment of the trial court.

## BACKGROUND

Salazar filed a pro se suit against Service Corporation International, SCI Texas Funeral Services, Inc., et al., for alleged negligence and fraudulent concealment related to the handling of his father's remains. The trial court granted summary judgment motions in favor of SCI and the other defendants, and Salazar appealed.[1]

Displeased with the first lawsuit, Salazar filed a second lawsuit naming SCI again as a defendant as well as other officers and attorneys involved (collectively "Appellees"). In the prior lawsuit, Salazar alleged fraud, conspiracy, and violations of the Texas Commerce Code. The Appellees in this second lawsuit filed a motion to dismiss contesting Salazar's affidavit of indigency and seeking to declare Salazar a vexatious litigant. Salazar sought to recuse a number of judges from hearing the motion, but his motion was denied. The trial court found Salazar's allegations of poverty to be false, and dismissed the lawsuit pursuant to section 13.001 of the Texas Civil Practice and Remedies Code.[2] The court also declared Salazar to be a vexatious litigant under section 11.054 of the Texas Civil Practice and Remedies Code.[3] Salazar timely perfected this second appeal.[4]

---

[1] Salazar's appeal in Cause No. 04-08-00022-CV was previously addressed by this court in *Salazar v. Dickey*, ___ S.W.3d ___, No. 04-08-00022-CV, (Tex. App.—San Antonio Jan. 27, 2010, no. pet. h.).

[2] TEX. CIV. PRAC. & REM. CODE ANN. § 13.001 (Vernon 2002) ("A court in which an affidavit of inability to pay . . . has been filed may dismiss the action on a finding that: (1) the allegation of poverty in the affidavit is false; or (2) the action is frivolous or malicious.").

[3] *Id.* § 11.054 (stating criteria for finding plaintiff a vexatious litigant).

[4] Cause No. 04-08-00837-CV

**MOTION TO RECUSE**

Salazar filed a motion to disqualify or recuse thirty judges in the Bexar County Courthouse from hearing the motion to dismiss, alleging the named judges "have displayed bias and prejudicial actions against pro se litigants in favor of the good old boy system." Salazar complains that Judge David Peeples did not recuse himself or send the motion to recuse to another judge to determine Judge Peeples' recusal pursuant to Texas Rules of Civil Procedure Rules 18a and 18b. We review a motion to recuse under an abuse of discretion standard. TEX. R. CIV. P 18a(f); *see also Westbrook v. State*, 29 S.W.3d 103, 121 (Tex. Crim. App. 2000).

The record reflects that Judge Larry Noll promptly referred the recusal motion to Judge Peeples. Judge Peeples, the presiding judge of the administrative judicial district, properly referred the motion to Judge Pat Priest who was not named as one of the thirty judges in the motion. *See* TEX. R. CIV. P. 18a(d). Judge Priest properly heard the motion and denied it. Accordingly, we find no error and overrule the first issue.[5] *See In re Norman*, 191 S.W.3d 858, 861 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

**NOTICE OF HEARINGS**

Salazar next alleges he did not have adequate notice of the hearing on the Appellees' combined motion to dismiss Salazar's lawsuit and declare him a vexatious litigant. Salazar concedes receiving notice of the motion in his brief. However, Salazar complains of lack of notice of the hearing date for the motion. The motion to dismiss contains a fiat signed by Judge Karen Pozza setting the motion for hearing on November 4, 2008 at 9:00 a.m. in the presiding courtroom. The Bexar County Local Rules permit a motion to include a fiat setting the date for hearing, rather than a separate motion and order to set. BEXAR COUNTY LOC. R. 5 cmt ("The

---

[5] We also note that Salazar's motion was neither verified nor set forth the grounds for disqualification in accordance with Texas Rule of Civil Procedure 18a.

order that sets [may appear] at the end of the motion."). Therefore, Salazar's allegations of ex parte hearings are without merit. We overrule the second issue.[6]

### CONCLUSION

Accordingly, the judgment of the trial court is affirmed.

Rebecca Simmons, Justice

---

[6] Although Salazar complains that a question of fact existed that precluded the court's dismissal, there are no citations to authority or the record to support his argument. Issues that are not appropriately before this Court for appellate review are waived. TEX. R. APP. P. 38.1(i), 38.2(a)(1); *see also Swank v. Sverdlin*, 121 S.W.3d 785, 788 n.1 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (stating that new issues within other issues or in footnotes were not properly briefed and thus waived).