# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00689-CV

**In re R. Lowell Thompson**

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## O P I N I O N

Relator R. Lowell Thompson, acting in his official capacity as the district attorney of Navarro County, Texas, filed a motion to recuse Respondent, the Honorable Charlie Baird, Judge of the 299th District Court of Travis County, Texas, in a proceeding styled *In re: Cameron Todd Willingham* and given Cause No. D-1-DC-10-100069. Judge Baird declined to rule on the motion, concluding that Thompson lacked standing to file a motion to recuse because he was not a party to the proceeding. In this original proceeding before this Court, Thompson seeks a writ of mandamus to compel Judge Baird to follow the recusal procedure outlined in Texas Rule of Civil Procedure 18a by either recusing himself or referring the motion to the presiding judge of the administrative judicial district. We will conditionally grant the writ.

## FACTUAL AND PROCEDURAL BACKGROUND

Real Parties in Interest Eugenia Willingham and Patricia Willingham Cox ("the Relatives") are some of the surviving relatives of Cameron Todd Willingham, a Navarro County man convicted of murder in 1992 and executed by the State in 2004. Asserting that Willingham was

innocent of the crime for which he was convicted and that "officials of the State committed the offense of official oppression" by, among other things, "endeavoring to prevent the truth from emerging following [Willingham's] execution," the Relatives filed a petition requesting that the trial court

> convene a Court of Inquiry, pursuant to Texas Code of Criminal Procedure Article 52.01(a), to investigate whether offenses against the laws of Texas have been committed, and issue a declaration that Mr. Willingham was wrongfully convicted and that otherwise repairs the injury done to his reputation, as provided by Article 1, Section 13 of the Texas Constitution and Section 71.021(a) of the Texas Civil Practice and Remedies Code.

*See generally* Tex. Code Crim. Proc. Ann. art. 52.01-.09 (West 2006) (describing Court-of-Inquiry procedure).

Thompson, the current district attorney of the county that prosecuted Willingham, filed a motion to recuse Judge Baird, asserting that he was biased. In response, the Relatives argued that Thompson lacked standing to bring a recusal motion because the Court-of-Inquiry proceeding that their petition invoked was "*ex parte*,"[1] and, consequently, that Thompson was not a "party" as required by Rule 18a. *See* Tex. R. Civ. P. 18a(a) ("[A]ny *party* may file . . . a motion stating grounds why the judge . . . should not sit." (Emphasis added.)). After considering arguments from Thompson and the Relatives, Judge Baird concluded that Thompson was not a party and thus lacked standing to file a motion to recuse. In light of that conclusion, Judge Baird declined to rule on the merits of

---

[1] *Ex parte* is defined as: "Done or made at the instance and for the benefit of one party only, and without notice to, or argument by, any person adversely interested." Black's Law Dictionary 657 (9th ed. 2009).

2

the motion and immediately proceeded to commence an evidentiary hearing. The exact nature of that evidentiary hearing is not clear, but the Relatives describe it to this Court as a pre-Court-of-Inquiry proceeding being conducted for the purpose of gathering facts to determine whether Judge Baird would issue an affidavit requesting the commencement of a Court of Inquiry.[2] *See* Tex. Code Crim. Proc. Ann. art. 52.01(a) (requiring judge to make affidavit evidencing probable cause that "an offense has been committed" before requesting that presiding judge of administrative judicial district appoint different district judge to commence Court of Inquiry). Thompson filed a petition for writ of mandamus and emergency motion for stay in this Court seeking to compel Judge Baird to rule on the recusal motion and otherwise comply with the requirements of Rule 18a. *See* Tex. R. Civ. P. 18a (requiring that, on filing of motion to recuse, judge must take no further action in case and either (1) recuse himself, or (2) forward motion to presiding judge of administrative judicial district for hearing). We temporarily stayed the proceedings below pending our decision here.

## DISCUSSION

### *Mandamus Jurisdiction*

As a threshold issue, the Relatives argue that we lack jurisdiction to issue a writ of mandamus because, they assert, Judge Baird "is not acting in his capacity as a judge of a district court, but rather in his capacity as a magistrate." Section 22.221 of the government code defines and limits our mandamus jurisdiction. It provides, in pertinent part:

---

[2] In light of our analysis below, we need not decide whether such a procedure would be proper under Texas law.

(b)     Each court of appeals for a court of appeals district may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against a:

> (1)     judge of a district or county court in the court of appeals district; or

> (2)     judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district.

Tex. Gov't Code Ann. § 22.221(b) (West 2004).  The Relatives argue that

> although section 22.221(b)(2) authorizes the Court to exercise mandamus jurisdiction against a judge acting as a magistrate, that mandamus jurisdiction is explicitly limited to a judge acting as a magistrate "at a court of inquiry."  Here, no court of inquiry has been convened . . . .

The Relatives argue that article 52.01(a) of the code of criminal procedure contemplates a two-step procedure in Court-of-Inquiry proceedings.  *See* Tex. Code Crim. Proc. Ann. art. 52.01. They assert that the proceedings below were merely part of the first step, in which Judge Baird was acting as a magistrate in a proceeding that was not itself a "Court of Inquiry" as that term is defined by the code of criminal procedure and used in subsection 22.221(b)(2) of the government code.  Accordingly, they contend that section 22.221(b) of the government code does not authorize this Court to issue a writ of mandamus in the present circumstances because Judge Baird was neither acting in his capacity as a district judge nor acting as a magistrate *at a* Court of Inquiry.

We need not decide whether the Relatives are correct in asserting that the proceedings below, as they depict them, are not a "Court of Inquiry," because the record establishes our mandamus authority over the case pursuant to subsection 22.221(b)(1), without regard to

4

subsection (b)(2).  The Relatives' original petition, labeled "Petition to Convene a Court of Inquiry and for a Declaration to Remedy Injury to Mr. Willingham's Reputation Under the Texas Constitution," asked for the following specific relief:

A.  Find, pursuant to Texas Code of Criminal Procedure Article 52.01(a), that there is probable cause to believe that offenses against the laws of Texas have been committed;

B.  Enter into the minutes of the Court, pursuant to Article 52.01(b)(1), a sworn affidavit stating the substantial facts establishing probable cause that one or more offenses against the laws of Texas were committed;

C.  File, pursuant to Article 52.01(b)(2), a copy of the affidavit with the District Clerk;

D.  Declare that Mr. Willingham was wrongfully convicted, and that all legal disabilities attaching to him or his survivors as a result of that conviction are forever removed;

E.  Request, pursuant to Article 52.01(b)(2), the Presiding Judge of the Administrative Judicial District to appoint a judge to commence a Court of Inquiry to investigate these matters further . . . .

Thus, the petition sought two different forms of relief.  Under subparagraphs A, B, C, and E, the Relatives sought to initiate the process set forth in article 52.01.  In subparagraph D, however, the Relatives sought a declaration that "Mr. Willingham was wrongfully convicted."  This second type of request is in the nature of a declaratory-judgment claim, which is necessarily addressed to the court in its judicial, rather than magisterial, capacity.  In other words, the claim sought relief that Judge Baird could only have granted while acting in his capacity as a district judge, not while acting in his capacity as a magistrate.  Thompson's motion to recuse sought to have Judge Baird recuse himself from the entire case, which necessarily included the request for

5

declaratory relief. Accordingly, the Relatives' prayer for declaratory relief brings this case within

our mandamus jurisdiction over a judge of a district court in our appellate district. *See* Tex. Gov't

Code Ann. § 22.221(b)(1); *see also* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 2008)

(declaratory-judgment statute). We disagree with the Relatives' attempt to characterize their request

for declaratory relief as part of or incident to a Court-of-Inquiry proceeding, because such relief is

not available from a Court of Inquiry. *See* Tex. Code Crim. Proc. Ann. arts. 52.01, .08 (sole end of

Court of Inquiry is to determine whether "an offense has been committed" and, if so, to "issue a

warrant for the arrest of the offender as if complaint had been made and filed"). Accordingly,

we conclude that we have jurisdiction to issue a writ of mandamus in the present case under

subsection 22.221(b)(1) of the government code. We now turn to the question of whether mandamus

relief is warranted under the present circumstances.

### *Thompson's Party Status Under Rule 18a*

The Relatives argue that Thompson is not a party to the case below and thus does

not have "standing" under Rule 18a to file a motion to recuse. Rule 18a states in pertinent part:

> At least ten days before the date set for trial or other hearing in any court other
> than the Supreme Court, the Court of Criminal Appeals or the court of appeals,
> *any party may file* with the clerk of the court a motion stating grounds why the
> judge before whom the case is pending should not sit in the case.

Tex. R. Civ. P. 18a(a) (emphasis added). Thompson argues that he is, or should be deemed, a party

because Judge Baird invited him to participate in the proceedings and because the State has a

justiciable interest in the case sufficient to establish standing. The Relatives respond that Thompson

6

"is not a party to the proceeding before [Judge Baird], which is an *ex parte*, non-adversarial, preliminary hearing to determine whether there is probable cause to convene a court-of-inquiry."

As discussed above, we find the Relatives' "*ex-parte*" argument unconvincing in light of their request for declaratory relief from the trial court. Any authority the trial court would have to grant declaratory relief would stem from the Uniform Declaratory Judgments Act, *see* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011, which does not contemplate *ex parte* proceedings. To the contrary, the Act requires that all interested persons must be made parties and states that a declaration does not prejudice the rights of a non-party:

> When declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties. A declaration does not prejudice the rights of a person not a party to the proceeding.

Tex. Civ. Prac. & Rem. Code Ann. § 37.006.

The State of Texas prosecuted Willingham and obtained a judgment of conviction against him. The Relatives seek a judicial declaration that would be inconsistent with that judgment. It goes without saying that the State has an "interest that would be affected" by such a declaration. Thompson, the district attorney of the county that prosecuted Willingham on behalf of the State, is a logical person to represent the State's interest in that inquiry. Accordingly, we hold that Thompson, on behalf of the State, has met the "party" requirement of Rule 18a.

7

### *Is Mandamus Relief Available?*

The Relatives argue that mandamus relief is not available here because Thompson has an adequate remedy by appeal. Mandamus is available when there is (1) a clear abuse of discretion by the trial court, and (2) no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004).

A trial court abuses its discretion when it reaches a decision so arbitrary or unreasonable as to amount to a clear and prejudicial error of law. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). When it comes to deciding what law applies—even if that law is unsettled—or in applying that law to the facts of the case, the trial court has no discretion. *In re Prudential*, 148 S.W.3d at 135.

"An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *Id.* Thus, the word "adequate" is really a proxy for the careful balancing test appellate courts apply in determining whether the benefits outweigh the detriments. *Id.* This test considers "both public and private interests." *Id.* In general, we avoid mandamus review of "incidental, interlocutory rulings" because such review is often unproductive, expensive, and distracts courts from important issues in the disposition of the case and the uniform development of the law. *Id.* But we employ mandamus review of important or novel situations in exceptional cases because such review may preserve a party's substantial rights from impairment, allow the appellate court to give "needed and helpful direction to the law that would otherwise prove elusive in appeals from finals judgments," and reduce the waste of time and money resulting from the eventual reversal of improperly conducted proceedings. *Id.* We remain mindful that our

8

contemplation of whether there is an adequate remedy on appeal "is not an abstract or formulaic one; it is practical and prudential." *Id.*

### (i) Abuse of Discretion

Rule 18a imposes certain mandatory requirements on a judge once a motion to recuse is filed:

(c)     Prior to any further proceedings in the case, the judge shall either recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear such motion. If the judge recuses himself, he shall enter an order of recusal and request the presiding judge of the administrative judicial district to assign another judge to sit, and shall make no further orders and shall take no further action in the case except for good cause stated in the order in which such action is taken.

(d)     If the judge declines to recuse himself, he shall forward to the presiding judge of the administrative judicial district, in either original form or certified copy, an order of referral, the motion, and all opposing and concurring statements. Except for good cause stated in the order in which further action is taken, the judge shall make no further orders and shall take no further action in the case after filing of the motion and prior to a hearing on the motion. The presiding judge of the administrative judicial district shall immediately set a hearing before himself or some other judge designated by him, shall cause notice of such hearing to be given to all parties or their counsel, and shall make such other orders including orders on interim or ancillary relief in the pending cause as justice may require.

Tex. R. Civ. P. 18a; *see also* Tex. Gov't Code Ann. § 74.059(c)(3) (West 2005) (judge must "request the presiding judge to assign another judge to hear a motion relating to the recusal of the judge from a case pending in his court").

Other courts of appeals have concluded that Rule 18a's recusal-or-referral requirement is mandatory and that mandamus relief is appropriate to compel compliance with the

9

rule. *See, e.g.*, *In re Kiefer*, No. 05-10-00452-CV, 2010 WL 2220588, at *1-2 (Tex. App.—Dallas June 4, 2010, orig. proceeding) (mem. op.) (recusal or referral "mandatory"); *In re Norman*, 191 S.W.3d 858, 860 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (Rule 18a states that judge has "mandatory duty either to recuse himself or refer the motion to the presiding judge"); *In re Healthmark Partners, L.L.C.*, No. 14-04-00743-CV, 2004 WL 1899953, at *1 (Tex. App.—Houston [14th Dist.] Aug. 26, 2004, orig. proceeding) (mem. op) (same); *In re Rio Grande Valley Gas Co.*, 987 S.W.2d 167, 179-80 (Tex. App.—Corpus Christi 1999, orig. proceeding) (same); *see also Arnold v. State*, 853 S.W.3d 543, 544 (Tex. Crim. App. 1993) (rule 18a applies in criminal cases); *see also Ex parte Sinegar*, No. AP-76340, 2010 WL 4320399, at *2-3 (Tex. Crim. App. Nov. 3, 2010) (rule 18a also applies in habeas proceedings). Likewise, construing a substantially similar statutory predecessor to Rule 18a, the Texas Supreme Court has held that (1) a judge has "the mandatory duty" to recuse himself or refer the matter to the presiding judge to hear a properly filed motion to recuse, and (2) mandamus relief is proper to compel compliance. *See McLeod v. Harris*, 582 S.W.2d 772, 775 (Tex. 1979). We agree that the provisions of Rule 18a are mandatory; they cannot be reasonably read otherwise. Consequently, Judge Baird abused his discretion by failing to either recuse himself or refer the motion to the presiding judge of the administrative judicial district. *See In re Prudential*, 148 S.W.3d at 135 (judge has no discretion in applying facts to law).

### (ii) Adequate Remedy by Appeal

Having concluded that Judge Baird abused his discretion, we must determine if Thompson has an adequate remedy by appeal. The "[d]enial of a motion to recuse is appealable

10

upon final judgment. Thus, a relator challenging the denial of a recusal motion ordinarily has an adequate remedy by appeal of the denial of a motion to recuse." *In re Norman*, 191 S.W.3d at 860; *see also* Tex. R. Civ. P. 18a(f) (providing that denial of motion is appealable from final judgment). Here, however, the trial judge has not denied the motion to recuse, but has refused to rule on it. As noted above, in such circumstances, courts have concluded that no adequate remedy by appeal exists and have granted mandamus relief. *See McLeod*, 582 S.W.2d at 775; *In re Norman*, 191 S.W.3d at 860 ("[The trial judge] had a mandatory duty either to recuse himself or refer the motion to the presiding judge . . . . We conditionally grant the petition for writ of mandamus."); *In re Healthmark Partners, L.L.C.*, 2004 WL 1899953, at *2 ("In the circumstances of this case, [the trial judge] had only two options, recusal or referral. Because she took neither, we grant . . . the petition for writ of mandamus.").

We agree that, under the circumstances presented here, Thompson has no adequate remedy by appeal. First, this is a novel and important case with wide public interest, which provides an opportunity for this Court to give "needed and helpful direction to the law that would otherwise prove elusive." *In re Prudential*, 148 S.W.3d at 136. Second, the parties' right to an impartial judge is at risk by the judge's failure to consider and rule on the motion to recuse. *Id.* Although we acknowledge that the rule's provision for appeal after the *denial* of a motion to recuse may provide an adequate remedy in that situation, that remedy is inadequate, where, as here, a judge *refuses* to rule. Allowing a judge accused of bias to improperly decline to refer the matter to a neutral judge and to conduct potentially biased proceedings injects an unacceptable risk of actual bias and—importantly for interests of the judicial system at large—the potential appearance of bias. *See*

11

*Aetna Life Ins. v. Lavoie*, 475 U.S. 813, 825 (1986) ("[T]o perform its high function in the best way, justice must satisfy the appearance of justice." (Internal quotation marks omitted.)). Waiting until final judgment to appeal the judge's failure to rule on a recusal motion—if such an appeal is even available—would not be an adequate remedy because it could not sufficiently correct the perception of bias engendered by the judge's failure to allow the merits of the recusal motion to be timely addressed by a neutral judge. Third, granting mandamus relief here will not cause appreciable delay or cost to the parties or the judicial system, while mitigating the risk of harm caused by the appearance of bias. *See In re Prudential*, 148 S.W.3d at 136.

### *The Relatives' Arguments Regarding the Merits of the Motion to Recuse*

Finally, the Relatives assert that the grounds of Thompson's motion to recuse lack merit. Thus, they invite us to consider the merits of the motion and, based on that review, refrain from exercising our discretionary mandamus authority. Reviewing the merits of the motion to recuse, however, is beyond the limited scope of our inquiry here. *See In re Healthmark Partners, L.L.C.*, 2004 WL 1899953, at *2 n.3. Moreover, contrary to the Relatives' arguments, failure to review the merits will not cause unremediable delay or hardship to the Relatives should the merits prove groundless, because Rule 18a(h) allows the judge assigned to hear the recusal motion to issue sanctions if he concludes that the motion was brought for delay and without sufficient cause. *See* Tex. R. Civ. P. 18a(h).

### CONCLUSION

We hold that, upon the filing of Thompson's motion to recuse, Judge Baird was required to either recuse himself or refer the motion to the presiding judge of the administrative

judicial district and that he abused his discretion by failing to do so. Concluding that mandamus relief is authorized and warranted, we conditionally grant Thompson's petition. The writ will issue only if the trial court fails to comply with this opinion. The stay of proceedings issued by this Court on October 14, 2010 will remain in effect until Judge Baird complies with this opinion.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton;
    Dissenting Opinion by Justice Puryear

Filed: December 21, 2010

13