In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-19-00162-CV
_____


IN THE INTEREST OF G.A.M. JR. AND E.F.M.

On Appeal from the 418th District Court
Montgomery County, Texas
Trial Cause No. 10-06-06026-CV

MEMORANDUM OPINION

Appellant M.L.M., the mother of the minor children G.A.M. Jr. and E.F.M., filed a notice of appeal from the trial court's order denying her motion to recuse. On May 31, 2019, we questioned our jurisdiction and requested that the parties file a written reply by Monday, June 17, 2019. We received no response.

Courts of Appeals do not have jurisdiction to review interlocutory orders unless they have jurisdiction based on a statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *see*, *e.g.*, Tex. Civ. Prac. & Rem. Code Ann. §

1

51.014 (West Supp. 2018). "No statute permits an interlocutory appeal of the denial of a motion to recuse." *Zachaire v. Petefield*, No. 14-11-00254-CV, 2011 WL 2150645, at *1 (Tex. App.—Houston [14th Dist.] June 2, 2011, no pet.) (mem. op.). Orders denying recusals are appealable only after the trial court has issued a final judgment. *In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998); *In re Norman*, 191 S.W.3d 858, 860 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *see also* Tex. R. Civ. P. 18a(j)(1)(A); Tex. R. App. P. 16.3(c). Because a final judgment has not been entered, we dismiss the appeal for lack of jurisdiction. *See Zachaire*, 2011 WL 2150645, at *1; *In re Norman*, 191 S.W.3d at 860.

APPEAL DISMISSED.

_____
HOLLIS HORTON
Justice

Submitted on July 10, 2019
Opinion Delivered July 11, 2019

Before McKeithen, C.J., Horton and Johnson, JJ.

2