

# NUMBER 13-19-00573-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE LAKEITH RAQIB AMIR-SHARIF

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Perkes**
**Memorandum Opinion by Justice Perkes[1]**

Relator Lakeith Raqib Amir-Sharif, proceeding pro se, filed a petition for writ of mandamus in the above cause on November 8, 2019. Through this original proceeding, relator seeks to compel the trial court to comply with the recusal procedures provided by

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *see also id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Texas Rule of Civil Procedure 18a.  *See* TEX. R. CIV. P. 18a(f).[2]  We conditionally grant the petition for writ of mandamus.

## I. BACKGROUND

According to the petition for writ of mandamus, relator filed the underlying lawsuit as a Texas prisoner "seeking the return of and/or adequate monetary compensation for various authorized personal property items that were improperly confiscated in July 2015 by the named defendants in the lawsuit."  Relator states that he filed a motion to recuse the respondent on June 6, 2019.  According to the record provided, the District Clerk of Bee County received and filed the motion to recuse and forwarded a copy to the respondent on July 22, 2019.  Relator asserts that the trial court has failed to act on his motion to recuse.  He argues that the respondent has a mandatory and non-discretionary duty to comply with Texas Rule of Civil Procedure 18a(f)(1).  *See id.*

This Court requested that the real parties in interest, Warren Kenneth Paxton Jr. on behalf of the Office of the Attorney General of the State of Texas, Law Enforcement Defense Division (OAG) and Sharon Howell as General Counsel for the Texas Department of Criminal Justice, or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus.  *See* TEX. R. APP. P. 52.2, 52.4, 52.8.  The OAG filed a response to the petition confirming that relator filed a motion to recuse the respondent on June 6, 2019.  The OAG further states, in relevant part:

> Relator seeks mandamus relief requiring the . . . judge to comply with the entirety of Rule 18(a), which in part requires the judge to either voluntarily recuse herself from the case or to refer the motion to the regional presiding

---

[2] This proceeding arises from trial court cause number B-16-1194-CV-A in the 36th District Court of Bee County, Texas, and the respondent is the Honorable Starr Boldrick Bauer.  *See id.* R. 52.2.

2

judge, in this case the Hon. Sid Harle of the 4th Administrative Judicial Region. *See* TEX. R. CIV. P. 18(a)(f).

After contacting the Bee County District Clerk's Office and the Clerk's Office for the 4th Administrative Judicial Region, undersigned counsel is not aware of any filings made by the District Court relating to the Relator's Motion for Recusal, other than the July 22, 2019 letter filed by the Clerk's Office informing Relator that the motion to recuse was forwarded to the Hon. Judge Bauer.

The Texas Department of Criminal Justice did not file a response to relator's petition for writ of mandamus. *See id.* R. 52.4.

## II. STANDARD FOR MANDAMUS RELIEF

Mandamus is an extraordinary remedy issued at the discretion of the court. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or is a clear abuse of discretion and there is no adequate appellate remedy. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. In deciding whether the benefits of mandamus outweigh the detriments, we weigh the public and private interests involved, and we look to the facts in

each case to determine the adequacy of an appeal. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 313 (Tex. 2010) (orig. proceeding); *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 469 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136–37.

### III. MOTIONS TO RECUSE

Texas Rule of Civil Procedure 18a(f)(1) governs the duties of the respondent judge when a party files a motion to recuse. *See* TEX. R. CIV. P. 18a(f)(1). This rule states that: "[r]egardless of whether the motion complies with this rule, the respondent judge, within three business days after the motion is filed, must either: (A) sign and file with the clerk an order of recusal or disqualification; or (B) sign and file with the clerk an order referring the motion to the regional presiding judge." *Id.*; *see Greenberg, Benson, Fisk & Fielder, P.C. v. Howell*, 685 S.W.2d 694, 695 (Tex. App.—Dallas 1984, orig. proceeding) (construing the former statute governing motions to recuse). Under Rule 18a(f)'s "clear terms," when a party files a motion to recuse, the judge must either grant or refer the motion without regard to whether the motion meets the rule's technical requirements. *In re Marshall*, 515 S.W.3d 420, 421–22 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding); *see In re Norman*, 191 S.W.3d 858, 861 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding). Stated otherwise, the language of Rule 18a is "mandatory." *In re State ex rel. Durden*, No. 04-19-00215-CR, 2019 WL 3642650, at *2, __ S.W.3d __, __, (Tex. App.—San Antonio Aug. 7, 2019, orig. proceeding); *In re Marshall*, 515 S.W.3d at 422; *Culver v. Culver*, 360 S.W.3d 526, 537 (Tex. App.—Texarkana 2011, no pet.). The respondent judge's failure to follow the procedure mandated by Rule 18a(f) renders

any subsequent orders void.  *See In re Marshall*, 515 S.W.3d at 421–22; *In re Susan C. Norman*, 191 S.W.3d at 861.

## IV. ANALYSIS

Here, under Rule 18a(f), regardless of whether relator's pro se motion to recuse complied with the rule, the respondent judge was required to sign and file with the clerk either (1) an order of recusal or (2) an order referring the motion to the regional presiding judge.  *See* TEX. R. CIV. P. 18a(f)(1); *see In re Marshall*, 515 S.W.3d at 421–22; *In re Norman*, 191 S.W.3d at 861.  However, based on the record presented, and as conceded by the OAG, the respondent has neither signed and filed an order of recusal nor signed and filed an order referring the motion to the regional presiding judge.  Rule 18a's recusal-or-referral requirement is mandatory, and mandamus relief is appropriate to compel compliance with the rule.  *See, e.g., In re Marshall*, 515 S.W.3d at 421–22; *In re Thompson*, 330 S.W.3d 411, 417–19 (Tex. App.—Austin 2010, orig. proceeding); *In re Norman*, 191 S.W.3d at 860; *In re Rio Grande Valley Gas Co.*, 987 S.W.2d 167, 179–80 (Tex. App.—Corpus Christi–Edinburg 1999, orig. proceeding).  Consequently, the respondent abused her discretion by failing to either recuse herself or refer the motion to recuse to the presiding judge of the administrative judicial district.  *See* TEX. R. CIV. P. 18a(f)(1); *see In re Marshall*, 515 S.W.3d at 421–22; *In re Norman*, 191 S.W.3d at 861.

Having concluded that the respondent abused her discretion, we must determine if relator has an adequate remedy by appeal.  An order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment, and an order granting a motion to recuse is final and cannot be reviewed by appeal, mandamus, or otherwise.  *See* TEX. R. CIV. P. 18a(j).  Here, however, the respondent has neither

5

granted, denied, nor referred the motion to recuse but has instead failed to rule on it. In such circumstances, relator lacks an adequate remedy by appeal. *See*, *e.g.*, *In re Marshall*, 515 S.W.3d at 421–22; *In re Thompson*, 330 S.W.3d at 417–19; *In re Norman*, 191 S.W.3d at 860; *Winfield v. Daggett*, 846 S.W.2d 920, 922 (Tex. App.—Houston [1st Dist.] 1993, no writ); *see also In re House of Yahweh*, No. 11-09-00049-CV, 2009 WL 545591, at *1 (Tex. App.—Eastland Mar. 5, 2009, orig. proceeding) (mem. op.); *In re Whatley*, No. 14-05-01222-CV, 2006 WL 2948230, at *1 (Tex. App.—Houston [14th Dist.] Oct. 13, 2006, orig. proceeding) (mem. op.).[3]

## V. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by the OAG, and the applicable law, is of the opinion that relator has met his burden to obtain relief based on the record presented. The respondent judge abused her discretion by failing to recuse or refer and relator lacks an adequate remedy by appeal. *See In re Marshall*, 515 S.W.3d at 421–22; *In re Thompson*, 330 S.W.3d at 417–19. Accordingly, we conditionally grant the petition for writ of mandamus and direct the respondent to sign and file an order of recusal or an order referring the motion to recuse to the regional presiding judge. The writ will issue only if the trial court fails to comply.

GREGORY T. PERKES
Justice

Delivered and filed the
12th day of December, 2019.

---

[3] Rule 18a(f)(3) provides that a movant "may notify the regional presiding judge" if "the respondent judge fails to comply with a duty imposed by this rule." TEX. R. CIV. P. 18a(f)(3). The record does not indicate that relator notified the regional presiding judge of the respondent's failure to recuse or refer; however, we do not consider this optional step as a necessary prerequisite to mandamus relief because it fails to remedy the respondent's ministerial duty to recuse or refer. *See id.*