# NO. 12-22-00134-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *ERIC DEWAYNE BURNS,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Eric Dewayne Burns, acting pro se, filed this original proceeding to challenge Respondent's failure to recuse himself.[1] We deny the writ.

Mandamus is an extraordinary remedy. ***In re Sw. Bell Tel. Co., L.P.***, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. ***In re Cerberus Capital Mgmt., L.P.***, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites. ***In re Fitzgerald***, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.).

A respondent judge, within three business days after a motion to recuse is filed, must sign and file with the clerk (1) an order of recusal or disqualification; or (2) an order referring the motion to the regional presiding judge. TEX. R. CIV. P. 18a(f). "An order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment." TEX. R. CIV. P. 18a(j)(1)(A). But "mandamus relief is available when a judge violates a mandatory statutory duty either to recuse or refer a motion to recuse." ***In re Norman***, 191 S.W.3d 858, 860 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *see In re Runnels*, No. 06-19-00061-CV, 2019 WL 3366793, at *1 (Tex. App.—Texarkana July 26, 2019, orig. proceeding) (mem. op.). On May 18, 2022, Respondent signed an order of referral on motion to recuse, in which he

---

[1] Respondent is the Honorable Taylor B. Heaton, Judge of the County Court at Law No. 2 of Smith County, Texas. Fairy Jean Burns is the Real Party in Interest.

declined to recuse himself, but requested that the Presiding Judge of the Tenth Administrative Judicial Region assign a judge to hear the motion to recuse.[2] Thus, Respondent complied with Rule 18a's mandatory duty to either sign an order of recusal or an order referring the motion to the regional presiding judge.[3] *See* TEX. R. CIV. P. 18a(f). Because Respondent did not violate his statutory duty under Rule 18a, mandamus relief is not available. *See **Runnels***, 2019 WL 3366793, at *2 (denying mandamus relief when relator failed to show (1) lack of an adequate remedy at law, through the direct appeal process, to complain of denial of recusal motions, and (2) that respondent violated a mandatory statutory duty to recuse, or to refer recusal motions, to appropriate administrative judge). Accordingly, we ***deny*** the petition for writ of mandamus.

Opinion delivered June 8, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] Respondent's order reflects that a motion to recuse was filed, but no recusal motion appears in the mandamus record.

[3] The record before us does not indicate whether the Presiding Judge has taken any action on the order of referral.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 8, 2022**

**NO. 12-22-00134-CV**

**ERIC DEWAYNE BURNS,**
Relator
V.

**HON. TAYLOR B. HEATON,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Eric Dewayne Burns; who is the relator in appellate cause number 12-22-00134-CV and a party to trial court cause number 73576-A, pending on the docket of the County Court at Law No. 2 of Smith County, Texas. Said petition for writ of mandamus having been filed herein on May 31, 2022, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*