# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00434-CV

**Tae Hollenbeck, Appellant**

**v.**

**Cody Villareal, Jackie Villareal, and Donna Adams Morgan, Appellees**

### FROM THE 478TH DISTRICT COURT OF BELL COUNTY
### NO. 24DFAM346074
### THE HONORABLE WADE NICHOLAS FAULKNER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Tae Hollenbeck filed a notice of appeal from the trial court's ruling denying his motion to recuse. On July 15, 2024, the Clerk of this Court sent to the parties a letter stating that it appeared that we did not have jurisdiction over the case and asking the parties to file a written reply by July 26, 2024, explaining how we have jurisdiction over the case. No response has been filed.

"Generally, appeals may be taken only from final judgments," and "[i]nterlocutory order[s] may be appealed only when expressly permitted by statute." *Hendren v. Lazar*, 641 S.W.3d 814, 818 (Tex. App.—El Paso 2022, no pet.); *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (listing authorized interlocutory appeals). No statute permits an interlocutory appeal of the denial of a motion to recuse. *Miller v. Martinez*, No. 02-24-00223-CV, 2024 WL 3195131, at *1 (Tex. App.—Fort Worth June 27, 2024, no pet. h.) (mem. op.) (per

curiam). Orders denying recusals are appealable only after the trial court has issued a final judgment. *In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998) (orig. proceeding); *In re Norman*, 191 S.W.3d 858, 860 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *see* Tex. R. Civ. P. 18a(j)(1)(A); Tex. R. App. P. 16.3(c). Because a final judgment has not been entered, we dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 42.3, 43.2(f); *Miller*, 2024 WL 3195131, at *1.[1]

_____

Thomas J. Baker, Justice

Before Justices Baker, Smith, and Theofanis

Dismissed for Want of Jurisdiction

Filed: August 14, 2024

---

[1] In his notice of appeal and in an amended filing, Hollenbeck also seeks mandamus relief, asserting that the administrative judicial regional judge abused his discretion by failing to rule on Hollenbeck's second recusal motion and by failing to have an evidentiary hearing. To the extent that Hollenbeck's filing can be construed as a petition for writ of mandamus, we deny the petition because it does not comply with the requirements of the Rules of Appellate Procedure pertaining to mandamus petitions. *See* Tex. R. App. P. 52.3 (requiring, among other things, that original proceedings include appendix with certified or sworn copies of any order or other documents complained of).