**IN RE Elaine T. MARSHALL, as Executor of the Estate of E. Pierce Marshall, Individually, and as Trustee of the EPM Marital Income Trust, Relator**

NO. 14–17–00038–CV

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion filed January 24, 2017

Russell S. Post, Jeffrey M. Golub, John S. Adcock, Houston, TX, David S. Coale, Russell G. Herman, Dallas, TX, for Relator.

Jeffrey W. Chambers, Houston TX, for Real Party in Interest.

Panel consists of Chief Justice Frost and Justices Brown and Jewell.

## OPINION

Kevin Jewell, Justice

On January 13, 2017, relator Elaine T. Marshall, as Executor of the Estate of E. Pierce Marshall, Individually, and as Trustee of the EPM Marital Income Trust, filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the respondent, the Honorable Mike Wood, presiding judge of the Probate Court Number 2 of Harris County, to vacate a Temporary Restraining Order (TRO) he signed on January 11, 2017. Relator contends the TRO is void because respondent: (a) signed it after relator filed a motion to recuse, and (b) did not first grant the motion or refer the motion to the regional presiding judge under Texas Rule of Civil Procedure 18(a)(f). We conditionally grant the requested mandamus relief.

## Background

Real party-in-interest Preston Marshall filed an application for temporary restraining order and temporary injunction that was heard on January 11, 2017. During the hearing, relator filed a handwritten motion to recuse respondent, Judge Wood. Respondent stated that he believed the handwritten motion did not comply with the rules but that he would take the motion to recuse under advisement. After the hearing, respondent signed the TRO on January 11, 2017. At the time respondent signed the TRO, he had neither granted the motion to recuse nor signed an order referring it to the regional presiding judge.[1]

Relator argues that the TRO is void because respondent signed it after relator filed her handwritten motion to recuse. Real party argues that respondent was not obligated to take action on the motion to recuse before signing the TRO because the motion to recuse is deficient under the rules. Real party alternatively argues, for the first time in this court, that respondent had good cause for issuing the TRO before taking any action on the motion to recuse. We agree with relator.

## Analysis

■ Texas Rule of Civil Procedure 18a(f)(1) provides: *"Regardless of whether the motion complies with this rule, the*

---

1. Real party's response includes additions to the mandamus record showing that respon-

dent signed an order recusing himself in the underlying actions on January 18, 2017.

respondent judge, within three business days after the motion is filed, must either: (A) sign and file with the clerk an order of recusal or disqualification; or (B) sign and file with the clerk an order referring the motion to the regional presiding judge." Tex. R. Civ. P. 18a(f)(1) (emphasis added). Under the rule's clear terms, when a party files a motion to recuse, the judge must either grant or refer the motion regardless whether the motion meets the rule's technical requirements. "Even though a motion to recuse may be defective, the challenged judge must either recuse or refer the motion, so that another judge can determine the procedural adequacy and merits of the motion to recuse." *In re Susan C. Norman*, 191 S.W.3d 858, 861 (Tex. App.– Houston [14th Dist.] 2006, orig. proceeding). Once the motion to recuse was filed, respondent could not take further action other than signing an order of recusal or an order referring the motion to the regional presiding judge. *See* Tex. R. Civ. P. 18a(f)(2)(A); *In re Susan C. Norman*, 191 S.W.3d at 861. Failing to take one of these two actions renders subsequent orders void. *Id.* ("[i]f a judge fails to comply with the rules governing motions for recusal, all subsequent actions by the judge in that case are void.").

In his response to relator's motion for temporary relief, real party argues that respondent had no duty to comply with Rule 18a(f)(1) because relator's handwritten motion to recuse does not meet the requirements for a motion to recuse stated in Rule 18a(a). As support, real party cites cases holding that if a party does not comply with the mandatory requirements of Rule 18a, the party waives any right to complain of a judge's refusal to recuse. *See Gill v. Tex. Dep't of Crim. Justice*, 3 S.W.3d 576, 579 (Tex. App.–Houston [1st Dist.] 1999, no pet.); *Spigener v. Wallis*, 80 S.W.3d 174, 180 (Tex. App.–Waco 2002, no pet.) (same); *Barron v. AG*, 108 S.W.3d

379, 382 (Tex. App.–Tyler 2003, no pet.) (same). These cases, however, were decided before Rule 18a(f)(1) was amended in 2011 to state that trial courts must either grant or refer a motion to recuse "regardless of whether the motion complies with this rule." More recent authority holds contrary to real party's argument. In *Barnhill v. Agnew*, No. 12–12–00080–CV, 2013 WL 5657644, at *2 (Tex. App.–Tyler October 16, 2013, no pet.), the trial judge did not refer the motion to recuse, nor did he recuse himself, but rather denied the motion to recuse because it did not comply with Rule 18a. The court of appeals held that the trial court erred because "Rule 18a(f) specifically states that a trial judge must adhere to its mandates regardless of whether the motion complies with the requisites of Rule 18a. *See* Tex. R. Civ. P. 18a(f)(1)." *Id.*

█ Real party alternatively argues that respondent had good cause for issuing the TRO before the motion to recuse was decided. Rule 18a(f)(2)(A) provides, "[i]f a motion is filed before evidence has been offered at trial, the respondent judge must take no further action in the case until the motion has been decided, except for good cause stated in writing or on the record." Tex. R. Civ. P. 18a(f)(2)(A). The "good cause" required by Rule 18a must relate to the necessity for taking further action in a case in which a recusal motion is pending, not to any "good cause" that might support the merits of the underlying motion. *In re Whatley*, No. 14–05–01222–CV, 2006 WL 2257399, at *1 (Tex. App.–Houston [14th Dist.] Aug. 8, 2006, orig. proceeding) (mem. op. on reh'g). "The 'good cause' required by rule 18a cannot relate merely to the merits of the challenged judge's action but must instead concern a justification for the challenged judge to act at a specific time rather than waiting for the appropriate judge to act at another time."

*Mann v. Denton County,* No. 02–13–00217–CV, 2014 WL 5089189, at *3 (Tex. App.–Fort Worth Oct. 9, 2014, pet. denied) (per curiam) (mem. op.).

The mandamus record does not contain any argument by real party or finding by respondent that good cause existed for respondent to rule on the application for TRO before deciding whether to grant or refer the motion to recuse. Rather, real party's arguments were limited to asserting the merits of his application for TRO and that respondent could issue the TRO because the motion to recuse did not comply with the requirements of Rule 18a. The record is insufficient to support real party's "good cause" argument raised for the first time in his opposition to the petition for writ of mandamus.

### Conclusion

■ We conclude that because the respondent signed the TRO after the handwritten motion to recuse was filed without complying with Rule 18a(f)(1), the TRO is void. A TRO that is void is subject to remedy by mandamus. *See In re Office of Att'y Gen.,* 257 S.W.3d 695, 698 (Tex. 2008) (orig. proceeding) (granting mandamus to correct a void TRO). We therefore conditionally grant relator's petition for writ of mandamus and direct respondent to vacate his January 11, 2017, TRO.[2] This court's stay of the TRO remains in effect until respondent complies with our ruling.

We are confident the trial court will act in accordance with this opinion. The writ of mandamus shall issue only if the trial court fails to do so.

---

**2.** We express no opinion on the merits of relator's motion to recuse or real party's application for injunctive relief.