**Affirmed; Majority Memorandum Opinion filed August 13, 2019; Concurring Opinion to follow.**



In the

# Fourteenth Court of Appeals

### NO. 14-17-00674-CR

## LEMANDALE DEWAYNE BRAGGS A/K/A LEMANDALE DWAYNE BRAGGS, Appellant

**v.**

## THE STATE OF TEXAS, Appellee

**On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Cause No. 16-CR-1964**

## MEMORANDUM OPINION

Appellant Lemandale Dewayne Braggs a/k/a Lemandale Dwayne Braggs was convicted of the third-degree felony possession of one gram or more but less than four grams of methamphetamine. Texas Controlled Substance Act, Tex. Health & Safety Code Ann. § 481.115(c). After the jury found two enhancement paragraphs for prior felony convictions for sexual assault (Penal Code, Act of May

29, 1993, 73d Leg., R.S., ch. 900, § 1.01, sec. 22.011(a), (b)(3), (f), 1993 Tex. Gen. Laws 3586, 3618, since amended; second-degree felony) and unlawful possession of a firearm by a felon (Tex. Penal Code Ann. § 46.04(a), (e); third-degree felony) to be true, the jury assessed punishment as a habitual felony offender at imprisonment for 99 years. Tex. Penal Code Ann. § 12.42(d). Appellant asserts three issues on appeal: (1) the trial court abused its discretion by allowing the State to introduce into evidence pills that were not tested by the lab and for which appellant was not charged with possession; (2) the trial court erred by not transferring the case to another court after granting appellant's motion to recuse; and (3) appellant's punishment is so disproportionate to the crime as to violate the Eighth Amendment of the United States Constitution. The State contends appellant waived all three issues.

## I.  BACKGROUND

Deputy Hunt with the Galveston County Sheriff's Office went to appellant's residence to execute a warrant for his arrest on an unrelated matter. Appellant was not at his residence, but his mother directed Hunt to an apartment complex where she thought appellant would be located. Appellant's mother also went to the apartment complex and led Hunt and other officers to the apartment where appellant was found. Appellant's mother knocked on the apartment door, and in response, appellant yelled through the door that he needed to get dressed. When appellant opened the door, Hunt arrested him. Prior to getting in the police car, Hunt searched appellant and found eighteen multi-colored pills in his pocket. Seven of the eighteen pills were analyzed through forensic testing, which determined the tested pills were 1.18 grams of methamphetamine. Appellant was charged with possession of one gram or more but less than four grams of methamphetamine.

At a pretrial hearing on this charge, appellant argued that the trial court should not allow into evidence the eleven untested pills, arguing their admission would be unfairly prejudicial. In response, the State assured the trial court and appellant there would be no suggestion that the untested pills constituted any particular substance. The trial court rejected appellant's request to exclude the untested pills, and appellant made no further arguments regarding the untested pills. The following day, on the first day of trial, the State introduced evidence of the pills, including the tested and untested pills. Appellant affirmatively stated he had no objection to the evidence, and the evidence was admitted.

The jury convicted appellant. After reviewing evidence of appellant's criminal history, the jury assessed his punishment at 99 years, the maximum sentence, enhanced by two prior felony convictions—sexual assault and unlawful possession of a firearm. Appellant did not object to his sentence during trial.

## II. ANALYSIS

### A. Admission of untested pills

Appellant first contends that the trial court abused its discretion by allowing the State to introduce into evidence pills that were not tested by the lab and for which appellant was not charged with possession. The State argues that appellant waived this issue because appellant affirmatively stated he had "no objection" to the pills' admittance.

Appellant did not characterize his pretrial objection[1] to the admittance of the untested pills as a motion to suppress or a motion in limine, and as such, it is unclear whether appellant's pretrial objection preserved the issue for appeal. *Compare Thomas v. State*, 408 S.W.3d 877, 881 (Tex. Crim. App. 2013) ("An

---

[1] This pretrial objection is distinct from the motion in limine appellant discusses in his opening brief and which we discuss *infra* in note 2.

adverse ruling on a pretrial motion to suppress evidence will ordinarily suffice to preserve error on appeal, and a defendant need not specifically object to the evidence when it is later offered at trial."), *with Gonzales v. State*, 685 S.W.2d 47, 50 (Tex. Crim. App. 1985) (noting that "[f]or error to be preserved with regard to the subject matter of the motion in limine it is absolutely necessary that an objection be made at the time when the subject is raised during trial").

Even assuming appellant's pretrial objection initially preserved the issue, however, appellant's "no objection" statements constituted a waiver of any previously preserved error. A "no objection" statement waives preservation of an adverse pretrial ruling unless the record "plainly demonstrates that the defendant did not intend, nor did the trial court construe his 'no objection' statement to constitute an abandonment of a claim of error that he had earlier preserved for appeal." *Thomas*, 408 S.W.3d at 885; *see Estrada v. State*, 313 S.W.3d 274, 302 (Tex. Crim. App. 2010).

The record shows that appellant's waiver was intentional, knowing, and voluntary, and the trial court construed his "no objection" to be an abandonment of his claim of error. Appellant twice stated he had no objection to the evidence, first in response to the State's motion to admit into evidence an envelope containing the tested and untested pills, and second in response to the State's offer of a list of the pills that included the untested pills. Appellant's "no objection" statements demonstrate that appellant took no issue with the evidence and intended to waive his right to appeal admission of the evidence at trial. *See Swain v. State*, 181 S.W.3d 359, 368 (Tex. Crim. App. 2005) (defendant waived any error in admission of State's exhibits, when after State offered such exhibits into evidence, defendant affirmatively stated he had no objections). Therefore, we overrule this issue.

## B. Recusal procedure

In his second issue, appellant asserts the presiding judge erred by not transferring the case to another court after granting appellant's motion to recuse. The State contends appellant waived the right to complain that the proper recusal procedure was not followed because appellant did not file a proper motion to recuse pursuant to Texas Rule of Civil Procedure 18a. *See Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993) (holding that "Tex. R. Civ. P. 18a applies to criminal cases absent 'any explicit or implicit legislative intent indicating otherwise'").

This court has held that regardless of whether a motion to recuse meets the requirements of rule 18a, a trial judge must either grant the motion or refer the motion to the regional presiding judge. *In re Marshall*, 515 S.W.3d 420, 422 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (citing Tex. R. Civ. P. 18a(f)(1)). Consequently, although appellant's motion to recuse was oral and did not follow the procedure outlined in rule 18a, appellant did not waive his right to bring this issue on appeal by failing to follow proper recusal procedure. *See id.*

Nonetheless, appellant's second issue lacks merit. Recusal removes only the challenged judge from the case, not the court. *Davis v. West*, 433 S.W.3d 101, 107 (Tex. App.—Houston [1st Dist.] 2014, pet. denied); *see* Tex. Gov't Code Ann. § 24.003(b)(4) (district court judge may temporarily exchange benches with judge of another district court in county). In this case, the recused judge was replaced with another judge who proceeded to hear the case in the 56th District Court. Therefore, not transferring the case to another court was not error.[2] Appellant's

---

[2] Appellant contends that he suffered a hardship because the trial court did not honor a motion in limine on which the recused judge previously ruled. However, appellant does not appeal the trial court's refusal to honor the motion in limine, appellant does not explain how refusing to honor the motion prejudiced him, appellant does not explain why transferring the

second issue is overruled.

## C. Constitutionality of sentence

In his third and final issue, appellant contends that "[a]ppellant' [sic] sentence of 99 years for possessing seven pills of Ecstasy is grossly disproportionate to the crime." Constitutional rights, including the right to be free from cruel and unusual punishment, may be waived by failing to object in the trial court. *Jimenez v. State*, 32 S.W.3d 233, 235 (Tex. Crim. App. 2000). Here, appellant made no objection regarding his sentence to the trial court. *See* Tex. R. App. P. 33.1(a); *Holley v. State*, 167 S.W.3d 546, 549 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (defendant waived appellate review of claim that sentence was disproportionate to offense under state and federal constitutions, when record did not show defendant timely objected to sentence). Moreover, after setting out the law in his opening brief, appellant provides only one sentence of analysis in support of this argument: "Appellant understands that he has prior felony convictions, but come on, 99 years for 7 pills? That is not justice and is cruel and unusual punishment." *See* Tex. R. App. P. 38.1(i).

Appellant does not substantively discuss Penal Code section 12.42(d), which provides in part, "Except as provided by Subsection (c)(2) or (c)(4), if it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two

---

case to another court would have eliminated whatever hardship he suffered, and appellant does not dispute that the trial court provided appellant another opportunity to present the motion in limine. Appellant's reference to the trial court's refusal to honor the recused judge's motion in limine does not persuade us that the case should have been transferred to another court.

We note that when a judge is disqualified, all orders made by the disqualified judge are void. However, when a judge is recused, orders made prior to recusal stay in place. *Rio Grande Valley Gas Co. v. City of Pharr*, 962 S.W.2d 631, 638 (Tex. App.—Corpus Christi 1997, pet. dism'd w.o.j.).

felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years." Tex. Penal Code Ann. § 12.42(d). Appellant waived his right to complain about the constitutionality of his sentence. We overrule issue three.

## III. CONCLUSION

Having overruled all appellant's issues, we affirm the trial court's judgment.


/s/    Charles A. Spain
Justice


Panel consists of Justices Christopher, Bourliot and Spain. (Bourliot, J., concurring opinion to follow.)

Do Not Publish — TEX. R. APP. P. 47.2(b).