# NO. 12-19-00372-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *BRIAN A. SMALE,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Brian A. Smale, Relator, acting pro se, filed a petition for writ of mandamus seeking to compel the Respondent, the Honorable Jeffrey Fletcher, Judge of the 402nd Judicial District Court of Wood County, Texas to vacate orders dismissing Wood County Commissioner's Court and Wood County, and severing those parties into a separate cause of action. Real parties in interest Wood County Texas, Wood County Commissioners Court, and Glen Thurman, a/k/a Glen Thurman Builder, Inc., a/ka/ Rose Hill Springs Development, LLC filed responses. Relator contends the trial court abused its discretion and committed fraud upon the court by ruling on motions without proper notice of hearing, without properly posting the hearing on the docket, and without "plenary power." We conditionally grant the petition in part and deny it in part.

## BACKGROUND

In trial court cause number 2019-483, Relator sued real parties in interest for injunctive relief and compensation to address damage to his property allegedly caused by real parties in interest in connection with a subdivision under construction on land adjoining Relator's homestead. Thurman, in his answer, asserted that Relator is a vexatious litigant and counterclaimed for malicious prosecution. Relator responded by adding a claim against Thurman and his attorney for defamation per se. Relator's request for temporary relief was denied at a hearing on August 29, 2019 and later by written order on November 6. Wood County and Wood

County Commissioners Court filed a plea to the jurisdiction and motion to dismiss. Additionally, the individual commissioners filed a motion to dismiss. On August 30, Relator filed a motion to recuse Respondent. The Presiding Judge of the Tenth Administrative Judicial Region presided over a hearing on Relator's motion to recuse on September 27, 2019. Relator did not attend the hearing. The Presiding Judge denied the motion in open court that day, although his written order is dated October 1, 2019. Immediately after the recusal hearing, Respondent heard the plea to the jurisdiction and motions to dismiss. Respondent rendered two orders on September 30 dismissing the cause against Wood County, the Wood County Commissioners Court, and the individual commissioners, with prejudice.

Two weeks later, in light of Relator's prior complaint about lack of notice of the earlier hearing, the Wood County parties moved the court to re-hear their motions to dismiss and plea to the jurisdiction. The following day, on October 17, Relator filed his second motion to recuse Respondent. This was followed by two supplements to the second motion for recusal. On October 25, Respondent signed an order severing the claims against the Wood County parties and assigning a new cause number, 2019-483A. Relator filed this petition, in cause number 2019-483, on November 12, 2019. The Presiding Judge denied Relator's second motion to recuse during a December 6, 2019 hearing and signed the denial order on December 23. The Presiding Judge imposed sanctions against Relator because the recusal motion was groundless, filed in bad faith, and caused unnecessary delay without sufficient cause.

## PREREQUISITES TO MANDAMUS

Mandamus will issue to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id*. Additionally, a trial court has no discretion in determining what the law is or in applying the law to the facts. *Id*. at 840.

Whether a remedy is adequate so as to preclude mandamus review depends heavily on the circumstances, and that determination requires a balancing of jurisprudential considerations. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136-37 (Tex. 2004) (orig. proceeding). An adequate appellate remedy exists when any benefits to mandamus review are outweighed by the

detriments.  *Id*. at 136.  Conversely, the requirement that there be no other adequate remedy by law is met when parties are in danger of permanently losing substantial rights.  ***In re Van Waters & Rogers, Inc.***, 145 S.W.3d 203, 211 (Tex. 2004) (orig. proceeding) (per curiam); ***Walker***, 827 S.W.2d at 842.

**ABUSE OF DISCRETION**

Relator asserts that Respondent erred by ruling on motions without proper notice of hearing, without proper posting of hearing on the docket, and without plenary power.  He asserts that Respondent lost plenary power on October 17 when Relator filed his second motion to recuse.  He further complains there was no docket entry posted regarding the October 23 hearing in violation of Wood County Local Rule 2.  Additionally, Relator asserts that Respondent abused his discretion and committed fraud upon the court for the same reasons previously asserted.  Relator contends that Respondent erred in dismissing the Wood County parties and severing them into cause number 2019-483A and asks this court to order Respondent to vacate those orders and abate the Wood County parties' plea to the jurisdiction.

## Applicable Law

Regarding a party's motion to recuse a judge, Texas Rule of Civil Procedure 18a(f)(1) provides:

> Regardless of whether the motion complies with this rule, the respondent judge, within three days after the motion is filed, must either:
> (A) sign and file with the clerk an order of recusal or disqualification; or
> (B) sign and file with the clerk an order referring the motion to the regional presiding judge.

TEX. R. CIV. P. 18a(f)(1).  If a motion to recuse is filed before evidence has been offered at trial, the respondent judge must take no further action in the case until the motion has been decided, except for good cause stated in writing or on the record.  *Id*. 18a(f)(2)(A).  Rule 18a's recusal-or-referral requirement is mandatory and orders issued by a trial judge while a recusal motion is pending are void.  ***In re Marshall***, 515 S.W.3d 420, 422 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). Mandamus relief is appropriate to set aside a void order of the trial court and compel compliance with the rule.  *See* ***Buttery v. Betts***, 422 S.W.2d 149, 151 (Tex. 1967) (orig. proceeding); ***In re Marshall***, 515 S.W.3d at 423.

Mandamus is also the appropriate avenue by which a party may seek review of a trial court's order regarding severance. *In re Liu*, 290 S.W.3d 515, 518 (Tex. App.—Texarkana 2009, orig. proceeding). Severance divides a lawsuit into two or more separate and independent causes of action. *Id*. at 519. When a trial court grants a severance, the separated causes of action typically proceed to individual judgments, judgments that are themselves separately final and appealable. *Id*.

## Analysis

The Wood County parties assert that Relator waived any right to recusal because his second motion to recuse failed to comply with Rule 18a. Their cited authority for this assertion predates the current version of Rule 18a which specifically provides that a movant's right to have the motion heard is preserved "regardless of whether the motion complies with" Rule 18. TEX. R. CIV. P. 18a(f)(1). Thurman argues that, because the Presiding Judge agreed to hear Relator's second motion for recusal, the recusal issue is moot, and mandamus is not appropriate because it will have no meaningful or practical effect on the district court's proceedings. We disagree.

The two dismissal orders were signed after the Presiding Judge ruled on Relator's first motion to recuse and before he filed his second motion to recuse. Therefore, the dismissal orders are valid. However, Respondent signed the severance order while Relator's second motion to recuse was pending. Respondent did not, at the hearing or in the order, explain that he found good cause for ruling on the severance order while the recusal motion was still pending. *See* TEX. R. CIV. P. 18a(f)(2)(A). Therefore, the severance order is void, and Respondent abused his discretion by rendering it. *In re Marshall*, 515 S.W.3d at 422. As a result, the severance order did not divide the lawsuit into two independent causes of action. *See In re Liu*, 290 S.W.3d at 519. Because the order is void, Relator need not show he did not have an adequate appellate remedy, and mandamus relief is appropriate. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam). Respondent's failure to comply with Rule 18a is dispositive, making a discussion of Relator's other arguments unnecessary. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Because the severance order is void, we ***conditionally grant*** Relator's petition for writ of mandamus in part. We direct Respondent to vacate his October 25, 2019 severance order. A writ will issue only in the event Respondent fails to do so ***within ten days of the date of this opinion***

***and corresponding order***. Respondent shall furnish this Court, within the time for compliance with this Court's opinion and order, a certified copy of the order evidencing such compliance. The petition is ***denied*** in all other respects.

The motion to impose sanctions against Relator, filed by Real Party in Interest Glen Thurman, a/k/a Glen Thurman Builder, Inc. a/k/a Rose Hill Springs Development, LLC, is ***overruled***.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered April 30, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# ORDER

**APRIL 30, 2020**

**NO. 12-19-00372-CV**

**BRIAN A. SMALE,**
Relator
V.
**HON. JEFFREY FLETCHER,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **BRIAN A. SMALE**, who is the relator in appellate cause number 12-19-00372-CV and plaintiff in trial court Cause No. 2019-483, pending on the docket of the 402nd Judicial District Court of Wood County, Texas. Said petition for writ of mandamus having been filed herein on November 12, 2019, and the same being duly considered, it is the opinion of this Court that the petition is, in part, meritorious. It is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **conditionally granted** in part and denied in part.

And because it is further the opinion of this Court that the trial judge will act promptly to vacate his severance order of October 25, 2019, the writ will not issue unless the Honorable Jeffrey Fletcher, Judge of the 402nd Judicial District Court of Wood County, Texas

fails to do so **within ten (10) days** from the date of this order.  In all other respects, Relator's petition for writ of mandamus is **denied**.

It is further ORDERED that all costs of this proceeding are hereby adjudged against the party incurring same.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*