

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00085-CV

**IN RE** Timothy Chad **GOLD**, Relator

Original Mandamus Proceeding[1]

Opinion by:     Irene Rios, Justice

Sitting:          Irene Rios, Justice
                  Lori Massey Brissette, Justice
                  Velia J. Meza, Justice

Delivered and Filed: May 7, 2025

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On February 7, 2025, relator Timothy Chad Gold filed a petition for writ of mandamus in this court. *See* TEX. GOV'T CODE ANN. § 22.221; *see also* TEX. R. APP. P. 52. In the petition, relator asks this court to compel respondent Honorable Kelley Kimble, presiding judge of the 38th Judicial District Court of Uvalde County, to vacate the Temporary Orders for Modification of Parent-Child Relationship she signed on January 21, 2025. Among his complaints, Gold states in his petition that respondent signed the January 21, 2025 temporary orders while his motion to recuse remained pending, thereby voiding respondent's orders. *See* TEX. R. CIV. PROC. 18a(f)((2)(A). We conditionally grant the petition for writ of mandamus.

---

[1] This proceeding arises out of Cause No. 2024-10-35752-CV, styled *In the Interest of G.G., a child*, pending in the 38th Judicial District Court, Uvalde County, Texas, the Honorable Kelley Kimble presiding.

**BACKGROUND**

On November 15, 2024, real party in interest Jayme Hale filed a motion for temporary orders to modify the parties' March 29, 2022 agreed order in a suit affecting the parent-child relationship. Hale's motion was heard on January 13, 2025. On January 17, 2025, Gold filed a motion to recuse respondent. Respondent signed the challenged temporary orders on January 21, 2025, rather than granting the motion to recuse or signing an order referring it to the regional presiding judge. On January 27, 2025, the presiding judge of the Sixth Administrative Judicial Region of Texas assigned a new judge to preside over the case.

By order dated February 13, 2025, we requested that Gold file a supplemental record indicating by file-stamp what date he filed his motion to recuse. Gold filed his supplemental mandamus record on February 20, 2025, providing the court with a file-stamp copy of his motion to recuse referred to in the paragraph above. In our February 13, 2025 order, we further invited respondent and Hale to file a response to Gold's petition for writ of mandamus no later than February 28, 2025. Neither respondent nor Hale filed a response.

**PREREQUISITES TO MANDAMUS**

Mandamus will issue to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id*. Additionally, a trial court has no discretion in determining what the law is or in applying the law to the facts. *Id*. at 840.

Whether a remedy is adequate precluding mandamus review depends heavily on the circumstances, and that determination requires a balancing of jurisprudential considerations. *See*

*In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136-37 (Tex. 2004) (orig. proceeding). An adequate appellate remedy exists when any benefits to mandamus review are outweighed by the detriments. *Id*. at 136. Conversely, the requirement that there be no other adequate remedy by law is met when parties are in danger of permanently losing substantial rights. *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004) (orig. proceeding).

## ANALYSIS

Texas Rule of Civil Procedure 18a(f)(1) provides: "Regardless of whether the motion [to recuse] complies with this rule, the respondent judge, within three business days after the motion is filed, must either: (A) sign and file with the clerk an order of recusal or disqualification; or (B) sign and file with the clerk an order referring the motion to the regional presiding judge." TEX. R. CIV. P. 18a(f)(1). Under the rule's clear terms, when a party files a motion to recuse, the judge must either grant the motion or refer it to the regional presiding judge. *See id.* Once Gold filed the motion to recuse, respondent could not take further action other than signing an order of recusal or an order referring the motion to the regional presiding judge. *See* TEX. R. CIV. P. 18a(f)(1); *In re Marshall*, 515 S.W.3d 420, 422 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). The failure to take one of these two actions renders subsequent orders void. *In re Marshall*, 515 S.W.3d at 422; *In re Norman*, 191 S.W.3d 858, 861 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) ("If a judge fails to comply with the rules governing motions for recusal, all subsequent actions by the judge in that case are void.").

Additionally, "[i]f a motion is filed before evidence has been offered at trial, the respondent judge must take no further action in the case until the motion has been decided, except for good cause stated in writing or on the record." TEX. R. CIV. P. 18a(f)(2)(A). "[T]he 'good cause' required by [r]ule 18a must relate to the necessity for taking further action in a case in which a recusal

motion is pending, not to any 'good cause' that might support the merits of the underlying motion." *In re Whatley*, No. 14–05–01222–CV, 2006 WL 2257399, at *1 (Tex. App.—Houston [14th Dist.] Aug. 8, 2006, orig. proceeding) (mem. op. on reh'g). "[T]he 'good cause' required by rule 18a cannot relate merely to the merits of the challenged judge's action but must instead concern a justification for the challenged judge to act at a specific time rather than wait[] for the appropriate judge to act at another time." *Mann v. Denton Cnty.*, No. 02–13–00217–CV, 2014 WL 5089189, at *3 (Tex. App.—Fort Worth Oct. 9, 2014, pet. denied) (mem. op.).

The mandamus record does not contain any argument by the real party in interest or a finding by respondent that good cause existed for respondent to rule on the motion for temporary orders before deciding whether to grant or refer the motion to recuse. The record is insufficient to support a "good cause" argument. *See Marshall*, 515 S.W.3d at 422–23.

Moreover, on April 16, 2025, relator filed additional information notifying the court that respondent's temporary orders expired April 4, 2025, and to his knowledge the trial court did not extend the orders. Thus, regardless that respondent's temporary orders are void, at this time they are moot as well because they have expired.

## CONCLUSION

We conclude that because the respondent signed the temporary orders after relator filed a motion to recuse and the record does not support a good cause exception as contemplated by rule 18a, the temporary orders are void and of no effect. *See* TEX. R. CIV. PROC. 18a(f)(1), (f)(2)(A). A void temporary order is subject to mandamus relief. *See In re Office of Att'y Gen.*, 257 S.W.3d 695, 698 (Tex. 2008) (orig. proceeding) (granting mandamus to correct a void temporary restraining order); *see also Marshal*, 515 S.W.3d at 423.

Respondent's January 21, 2025 orders are void. We therefore conditionally grant relator's petition for writ of mandamus and direct the judge assigned to preside in Cause No. 2024-10-35752-CV, *In the Interest of G.G., a child*, to vacate the January 21, 2025 temporary orders. The writ of mandamus shall issue only if the assigned judge fails to do so.

Irene Rios, Justice